Nov. Term, 1825.

CLARK
v.
REDMAN.

ting out the note and assignment, the declaration should have stated, "By means whereof *and by force of the statute in such case made and provided, &c.*"

*Wick.* for the appellant.

*Brown,* for the appellee.

(1) Ante, p. 258.

---

## CLARK and Others *v.* REDMAN.

The issuing of the writ, not the filing of the declaration, is, as to every material purpose, the commencement of the suit.

Covenant on a bond of *A. B.* and *C.*, conditioned to make a lawful title to *D.* for certain real estate. Plea of tender. The defendants' evidence was, that *A.* had tendered to the obligee a general warranty deed for the land, executed by himself and wife; and that, before the tender, *B.* had made a general warranty deed to *A.* for one undivided third part of the land, and *C.* had made a similar deed to him for another third part thereof. *Held,* that the deed tendered was insufficient; the obligee being entitled to a good title, secured by the covenants of all the obligors.

An obligation to make a lawful title, binds the obligor for a perfect title with a general covenant of warranty.

Semble, that the usual covenants in a conveyance of real estate, pass with the land to the assignee of the grantee.

To effect the relinquishment of dower by a feme covert, her acknowledgment of the deed must appear to have been made separately and apart from her husband.

ERROR to the *Washington* Circuit Court.

Monday, November 14.

BLACKFORD, J.—This was an action of covenant on two bonds, executed by *Clark, Hoggatt,* and *Kitchell,* conditioned for making a lawful title to *Redman* for certain lots of ground, upon his payment of the purchase-money. The defendants pleaded, 1st, non-payment of the purchase-money; 2dly, covenants performed; 3dly, tender of title. Issues were joined up

on these pleas, and the jury gave a verdict for the plaintiff. Motion for a new trial overruled, and judgment rendered upon the verdict. The defendants institute this writ of error.

To support his action, the plaintiff relied upon the bonds and payment of the purchase-money. The execution of the bonds is admitted by the pleadings. With respect to the payment of the purchase-money in the first issue mentioned, the evidence upon the record, though somewhat obscure, is such as to prohibit our interference, on that account, with the verdict of the jury. Upon the second issue no testimony was introduced. In support of the third plea, the defendants proved the tender, after a declaration filed, of a warranty deed executed by *Hoggatt*, one of the obligors, and his wife. This deed the plaintiff refused to accept. They also proved, that previously to the execution of *Hoggatt's* deed tendered to *Redman*, the other obligors, *Clark* and *Kitchell*, had each given warranty deeds to *Hoggatt* for an undivided third of the premises. The cause went to the jury, with an opinion of the Court, that if the tender was not made till after the filing of the declaration, which they considered a commencement of the suit, it was not sufficient. In *New-York* it has been decided, that the impetration of the writ as to every material purpose, is the commencement of the suit. *Carpenter* v. *Butterfield*, 3 Johns. Ca. 146. That we take to be the law here, which we do not consider changed by our statute, authorizing the filing of declarations before the writs issue. To maintain the plea of tender, in a case like the present, it must be shown that the covenants offered to be performed, were co-extensive with those contained in the obligation. Here was a bond by *Clark*, *Hoggatt*, and *Kitchell*, for making a lawful title for the premises to *Redman*; by which bond, these three obligors were bound for a good and perfect title, with a general warranty deed, containing the usual covenants, to be executed by them all with their wives. The deed actually tendered, by way of compliance with this contract, was one executed by *Hoggatt* and his wife only. *Redman*, in our opinion, was justifiable in refusing it. He had a right to a good and perfect title, and to be secured in it by the covenants of *Clark* and *Kitchell* as well as of *Hoggatt*. This point is settled in *Lawrence* v. *Parker*, 1 Mass. 191 (1). The case was attempted to be made out in evidence, by showing deeds made by *Clark* for one-third, and by *Kitchell*

for another third, of the premises, to *Hoggatt.* This will not do. Whether the covenants of *Clark* and *Kitchell* to *Hoggatt*, would have passed to *Redman* by the general warranty deed of *Hoggatt*, we shall not stop now to inquire (2). Placing the case as to this question on the most favourable ground for the defendants, and supposing that all the covenants of *Clark* and *Kitchell* would have passed to *Redman* by *Hoggatt's* conveyance, still they cannot prevail. One objection is, these deeds of *Clark* and *Kitchell* do not appear, from the facts contained in the certificates of acknowledgment, to have been acknowledged by their wives in pursuance of the statute. To effect a relinquishment of dower, the acknowledgment of the wife must appear to have been made separately and apart from her husband. Stat. 1823, p. 334 (3). Another objection is, *Clark's* warranty is only of one-third of the premises, and *Kitchell's* only of another third. So that all *Redman* could have possibly had, would have been the covenants of *Clark* for one-third, the covenants of *Kitchell* for another third, and those of *Hoggatt* for the whole. This was not the security for which the plaintiff contracted. It was by no means the warranty security of a joint deed, with the usual covenants, executed by all three of the obligors. The tender of performance therefore was not co-extensive with the undertaking of the defendants, and was no defence to the action upon their bond brought by the plaintiff.

We conclude, that as there was evidence sufficient at the trial of this cause, from which the jury might infer payment of the purchase-money by *Redman*, and a consequent duty devolving upon *Clark*, *Hoggatt*, and *Kitchell*, to execute a lawful title to him for the premises, secured by their joint covenants (4),—and no performance of the contract or tender thereof by the obligors, equally extensive with their undertaking, being proved or offered to be proved,—the verdict for the plaintiff was right, and the motion of the defendants for a new trial correctly overruled. It is true, the jury might have mistaken the law, as to the time when a tender should be made, in consequence of the misdirection of the Court heretofore noticed; but that circumstance does not affect the case. The deed itself which was tendered not being sufficient, it is quite immaterial whether it was tendered before or after the commencement of the suit.

*Per Curiam.*—The judgment is affirmed, with one *per cent.* damages and costs.

*Nov. Term,*
*1825.*

CLARK
v.
REDMAN.

*Moore* and *Payne*, for the plaintiffs.
*Nelson*, for the defendant.

(1) *Leonard* v. *Bates*, ante, p. 172, 174.

(2) Vide note to *Smith* v. *M'Campbell*, ante, p. 102.

(3) In *England*, the interest of a feme covert in real estate can only be conveyed by means of a fine or a recovery; and it is essential to the validity of these, that the feme be privately examined. The following is the language of a distinguished lawyer of that country upon this subject:—"A man and his wife cannot convey an estate of the wife without a fine or a recovery, neither can the wife be barred of her dower without a similar proceeding. The reason is, the influence her husband may possess over her mind; and consequently, a judge takes the woman in these cases into a private room, to examine her, first, as to whether she acts from fear, and then, when that is out of the case, whether she is influenced by favour and affection: and he also examines her as to any temporary increase of affection from any passing cause; and then, when she has purged herself of all temporary increase of affection, of all fear, and all love, she is allowed to give her consent. I would propose, in place of all this inquiry, not always very delicate, nor ever very satisfactory, to let husband and wife join in a common conveyance, with the consent of a guardian to be appointed, or of the next male relative of the wife, who is not related to the husband, and not interested in either the succession or the conveyance." Brougham on the State of the Law, p. 64.

The modes of conveyance by fine and recovery are not usual in the *United States*. By the statute law in most of the states, the wife joins with her husband in the execution of a deed to convey her estate or bar her dower; acknowledging on a private examination apart from her husband, that she had freely executed it. In some of the states the privy examination and acknowledgment are taken in Court, in others before a judge, justice of the peace, &c. They may be proved by the record, or by the certificate of the officer, but not by parol testimony. *Rhea et al.* v. *Rhenner*, 1 Peters, 105, 109.—*Elliott et al.* v. *Peirsol et al.* ib. 328, 338.—1 Amer. Jurist, 73, 74. There are a few states in which the privy examination of the wife is not required. 1 Amer. Jur. supra.

(4) Vide note to *Huntington* v. *Colman*, ante, p. 349.