Dewey, J.
Debt by Shirley against Dawson. One count in the declaration is founded upon a promissory note made by the defendant to the plaintiff. Among other pleas, the defendant pleaded, that the note was given for the price of certain town lots purchased by him of the plaintiff; that at the time of making the note, the plaintiff executed his bond, conditioned for the execution and delivery, by him to the defendant, of a good deed for the lots when the note should be paid; and that, the plaintiff had never delivered, or offered to deliver, such a deed to the defendant. The plaintiff replied that he did, on, &c., tender to the defendant a good and sufficient deed for the lots, executed by himself and one Jabez Goodell and Diadoma Goodell his wife. Rejoinder in denial, and issue. The cause was submitted to the Court. Judgment for the plaintiff. Motion for a new trial overruled.
On the trial, the plaintiff gave in evidence the note declared on, and proved that he tendered to the defendant a deed purporting to be executed by the plaintiff, and by Goodell and his wife by the plaintiff as their attorney in fact, conveying the lots in fee-simple to 'the defendant. The deed appeared to have been acknowledged in Ohio before the mayor of a towm, by the plaintiff in person, and by Goodell and wife by the plaintiff as their attorney in fact. There was a certificate of the presiding judge of the proper Court to the official character of the mayor, and that he was authorized by the laws of Ohio to take acknowledgment of deeds, &c. The defendant refused to receive the deed on account of the manner of its execution. This was all the evidence.
We can not sustain the decision of the Circuit Court. There was no evidence of the execution of the deed, at least so far as Goodell and his wife were concerned.
*But. had the deed been duly executed by them *572 by attorney (if that could be done), tbe defendant bad a right to reject it. A purchaser is not bound to receive a-deed executed by attorney, unless there is some very strong reason for it. That mode of execution multiplies' his proofs if he has occasion to support his title, for he is obliged to prove the execution of the power, as well as of the deed; and he may be embarrassed by the loss or destruction of the power, or it may be revoked by the death of the principal before its execution by the agent. 1 Sugd. on Vend., 451; Mitchel v. Neale, 2 Ves., 679; Cooke v. Callaway, 1 Esp., 115; Richards v. Barton, Id., 268.
T. Johnson, for the plaintiff.
There is another objection to the deed in question. It appears to have been executed out of the State, and to be acknowledged before the mayor of á town. That officer is not among those authorized by our statute to take the acknowledgment of deeds in another State; but if he could be viewed as possessing the powers of a justice of the peace, and, therefore, as having the requisite authority, still the deed is inoperative as to Mrs. Goodell. It does not convey her interest in the lots. A married woman, by the common law, can alien her real estate only by fine and recovery. Our statute authorizes her to sell it by joining with her husband in a deed, and by acknowledging before the proper officer,- after having been by him examined separate and apart from her husband, and after having its contents made known to her by the officer, that she did voluntarily seal and deliver the deed as her free act, without coercion from her husband. R. S., 1838, p. 313. Whether she can, in conjunction with her husband, appoint an attorney to execute a deed in her name, we need not now inquire. She certainly can not acknowledge a deed by an attorney, because that mode of acknowledgment does not admit of her examination, by the officer taking it, in the manner prescribed; and her conveyance, being entirely statutory, is not binding upon her, unless it is acknowledged agreeably to the provisions of the statute. 16 Johns., 116.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.