## CLAUNCH v. ALLEN.

1. The covenants for quiet enjoyment, and never to claim or assert title to the premises, are real covenants, running with the land, and if broken after the land has been conveyed to an assignee, the latter alone has the right to sue for damages; unless by the nature and terms of the assignment, the assignor is bound to indemnify the assignee, when it seems, he may sue in his own name.
2. The words "grant, bargain, sell," are all necessary in a deed, to create the statute covenant, that the grantor was seized of an indefeasible estate in fee simple, &c. and for quiet enjoyment.

Writ of Error to the Circuit Court of St. Clair.

THIS was an action of covenant at the suit of the defendant in error, on a deed by which the defendant below conveyed to the latter certain lands. The breaches alledged in the declaration are, that the defendant entered upon the lands conveyed, and ejected the plaintiff therefrom against his will;

*further*, that the defendant had no title, either equitable or legal, to a part of the lands (specially designated), nor has he acquired any since the execution of the deed; *also*, that defendant, at the date of the deed, had not good right, full power, and lawful authority to bargain and sell the part of the land thus particularized. There is a fourth breach, the same as the first, with the addition that it alledges the defendant, after ejecting the plaintiff, has kept him out of possession, and taken the use, rents and profits of the lands to himself; by reason whereof the plaintiff has lost, and been entirely deprived of the lands, and the money paid therefor. The defendant demurred to each of the breaches, and his demurrer was overruled to the fourth, and sustained by the consent of the plaintiff to the preceding. Thereupon the cause was submitted to a jury, who returned a verdict for the plaintiff, and judgment was rendered thereon.

From a bill of exceptions sealed at the defendant's instance, it appears that the deed from the defendant to the plaintiff contains no express covenants of warranty, seizin, &c.; that it is dated on the 11th February, 1840. It was proved on the part of the plaintiff that he took possession of the premises thus conveyed; that in 1841, he removed therefrom and rented the same to one Love, as his tenant for the year 1842, who continued to occupy the same until about the 1st February, 1843, when he removed, leaving the premises unoccupied until about the 20th of that month, when the defendant put one Crane into possession, who continued to occupy for three years. On the same day that Crane was put into possession, the plaintiff and defendant both came on the premises—the plaintiff protested against Crane's keeping the possession, and thereupon the defendant and Crane agreed to give up the possession on the next day; but on the next day the defendant told Crane to continue to hold it; and the latter then refused to yield it to the plaintiff. Crane neither paid nor agreed to pay to the defendant any rent; one year they sowed some oats in partnership, which they divided— plaintiff proved the annual value of the premises, and here rested his case.

The defendant then gave in evidence the exemplification of a judgment rendered at the term of the county court of

Tuscaloosa, holden on the first Monday in February, in favor of the President, &c. of the Bank of the State of Alabama, against the plaintiff below, as the drawer and acceptor of a bill of exchange, and others as its indorsers. On the 20th April, 1840, a writ of *fieri facias* issued on this judgment, which was placed in the hands of the sheriff of St. Clair on the 2d July thereafter, and by him returned unsatisfied for want of bidders. An alias *fi. fa.* was issued on the 10th August, 1840. The defendant next offered a deed bearing date the 15th October, 1841, executed by the sheriff of St. Clair, by his deputy, which recites the levy on, and sale by him of the lands in question, on the first Monday in January, 1841, under a *fieri facias* issued on a judgment of the county court of Tuscaloosa, corresponding in amount, dates and parties with that above described. It is recited in the deed that the plaintiff in execution became the purchaser for the sum of $435 80; and thereupon the conveyance is made to the President and Directors of the Bank, &c. This deed was acknowledged by the deputy sheriff, and recorded by the clerk of the county court of St. Clair on the 29th November, 1841.

The defendant also adduced the *fieri facias* described in the deed by the sheriff, and proved that the subscribing witness thereto was authorized to receive the deed for the grantees. It was further shown, that one Morris, who assumed to act as the agent of the bank, rented the lands in question to one G. W. Allen in 1842 for the sum of $40, and took his note for that sum, payable to the President, Directors, &c. G. W. A. took and retained possession under this contract for a few weeks, and was then forcibly ejected by the plaintiff in this action.

The evidence being closed, the court excluded the exemplification of the judgment from the county court of Tuscaloosa, the *fieri facias* and sheriff's deed consequent thereupon. The defendant then prayed the court to charge the jury, that, if the evidence be true (which is all above recited), then the plaintiff is not entitled to recover: Further, that in this action the plaintiff could not recover, if he was not in the actual possession of the premises, or any part thereof at

21

the time the defendant put Crane in possession. These several charges were refused; and the defendant excepted, as well to the rejection of the record, as to the refusal to charge as prayed.

J. T. MORGAN, for the plaintiff in error. The record was improperly excluded—when connected with the *fieri facias* and sheriff's deed, it shows that the title to the lands, and all interest which the plaintiff acquired by his purchase from the defendant was divested. [2 Greenl. Ev. ——; 6 Ala. Rep. 390.] His title being gone, the plaintiff could not maintain an action for the breach of covenant. After the sale under the *fi. fa.*, the plaintiff had nothing but a *bare possession*, and when he abandoned that, the defendant or any one else might enter and occupy against him.

L. E. PARSONS, for the defendant in error.

COLLIER, C. J.—The deed which the plaintiff has set out in his declaration contains none of the usual express covenants; and the only breach alledged in the declaration, upon which an issue was tried, is that which affirms that the defendant entered upon the lands conveyed, and ejected the plaintiff therefrom against his will; and after ejecting, has kept him out of possession and taken the use, rents and profits to himself. This breach evidently presupposes a covenant for *quiet enjoyment*, to prove a breach of which it is ordinarily necessary to give evidence of an entry upon the grantee, or of expulsion from, or some actual disturbance in the possession; and this, too, by reason of some adverse right existing at the time of making the covenant, and not of one subsequently acquired. But it is said, it will not suffice to prove a demand of possession, by one having title; nor a recovery in ejectment; or in trespass; unless there has also been an actual ouster. If, however, the grantor himself enters tortiously, claiming title, it is a breach. [2 Sugd. Vend. 512, 10th ed.; Sedgwick v. Hollenback, 7 Johns. Rep. 376.] But not if the entry was without claim of title. [Seddon v. Senote, 13 East Rep. 72; Penn v. Glover, Cro. Eliz. 421.] The declaration does not alledge that the entry of the de-

Claunch v. Allen.

fendant and ouster of the plaintiff was under a claim of title, and it may well be questioned from the authorities cited, if he entered as a mere trespasser without any pretence of right, the plaintiff could maintain the present form of action; but would have to resort to the action of trespass.

However this may be, if the plaintiff had sold and conveyed the interest which he acquired under the deed from the defendant, or it was levied on and sold under an execution against his estate, he cannot maintain an action for a breach subsequently occurring. A covenant *for quiet enjoyment*, as well as *never to claim or assert title to the premises*, are said to be *real covenants, running with the land.* When either of these covenants, or others coming within the same category, are broken after the land has been conveyed to the assignee, the general rule is, that he alone has the right to sue for the damages; but if by the nature and terms of the assignment, the assignor is bound to indemnify the assignee against the breach of such covenants, it seems that the assignor may sue in his own name. [2 Greenl. Ev. 195, § 240. See also Griffin v. Fairbrother, 1 Fairf. Rep. 81–91; Bickford v. Page, 2 Mass. Rep. 460; Kane v. Sanger, 14 Johns. Rep. 89; Niles v. Sawtel, 7 Mass. Rep. 444; Wyman v. Ballard, 12 Id. 306; Sprague v. Baker, 17 Id. 586; King v. Kerr, 5 Ham. Rep. 156; Clark v. Redman, 1 Blackf. Rep. 381; Mitchell v. Warner, 5 Conn. Rep. 497; Withy v. Mumford, 5 Cow. Rep. 137; De Chamont v. Forsythe, 2 Pennsyl. Rep. 507; Williams v. Beeman, 2 Dev. Rep. 483; Markland v. Crump, 1 Dev. & Bat. Rep. 94; Astor v. Miller, 2 Paige's Rep. 68; Suydam v. Jones, 10 Wend. Rep. 180.] And an assignee under a sheriff's sale, as well as under a mortgage, comes within the rule we have stated. [McCrady v. Brisbane, 1 Nott & McC. Rep. 104; Tufts v. Adams, 8 Pick. Rep. 547.] If these citations lay down the law correctly, the plaintiff cannot maintain an action for the supposed breach of covenant, although there were no other objection to its maintenance, than the assignment of his title by the sale and conveyance by the sheriff.

If the possession was left vacant by the plaintiff, or those holding under him, an entry upon it after the sale by the sheriff, would not be a trespass against the plaintiff; because,

as he had parted with the title, he could not be deemed to have the constructive possession, which, where there is no one in possession, or claiming adversely, will be referred to the title.

But if all these objections to the plaintiff's right to recover were out of the way, there is perhaps another alike fatal. We have said that the deed contains no such express covenant, and the question is, can a covenant be implied. The 20th section of the act of 1803, "respecting conveyances," [Clay's Dig. 156,] enacts, that in all deeds to be recorded in pursuance thereof, whereby an estate of inheritance in fee simple, shall hereafter be limited to the grantee or his heirs, the words "grant, bargain, and sell," shall be adjudged an express covenant to the grantee, his heirs and assigns, &c., to wit: that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrances done or suffered from the grantor (except the rents and services that may be reserved,) as also for quiet enjoyment against the grantor his heirs and assigns; unless limited in express words contained in such deed: and the grantee, his heirs, executors, administrators and assigns, may in any action assign breaches, as if such covenants were expressly inserted. [See Roebuck v. Dupuy, 2 Ala. Rep. 535; Stewart v. Anderson and another, 10 Ala. R. 504.]

In Gee v. Pharr, 5 Ala. R. 587, it was decided, that the words, "grant, bargain, sell," must all be used in a deed, so as to create a covenant against incumbrances, &c. within the act cited; that the omission of either of these words would prevent the deed from thus operating. There the operative terms were, "bargained, sold, released, aliened, and confirmed," and it was held that they did not make the statute covenant. The deed before us, uses the terms, "hath bargained and sold, and by these presents doth bargain and sell." If the case cited is to be recognized as authority, it is clear that the deed does not come within the act; that it contains no covenant to which the breach applies, and that the demurrer should have been sustained, not only to the three last, but to the fourth breach also- [See Frost v. Ray-

mond, 2 Caine's Rep. 188 ; Sweitzinger v. Weaver, 1 Rawle's Rep. 377.]

The error in the rulings of the circuit court is so apparent from what has been said, that it is needless to add more than to declare, that the judgment is reversed, and the cause remanded.