## LINN *v.* BARKEY.

The obligor of a bond for the conveyance of land, stipulated that on payment
of the last instalment of the purchase-money, he would, on request, &c.,
convey the land to the obligee, "by a good and indefeasible inheritance in
fee simple."

| 7 | 69 |
|---|---|
| 138 | 187 |

| 7 | 69 |
|---|---|
| 148 | 123 |

| 7 | 69 |
|---|---|
| 159 | 5 |

Nov. Term,
1855.
_____
LINN
v.
BARKEY.

*Held*, that on such payment and request, the obligee was entitled to a deed with full covenants.

*Held*, also, that the obligee could enforce a specific performance of the contract, notwithstanding the obligor might, upon the execution of the deed, be liable to an action for a breach of covenant, by reason of an existing incumbrance, should the obligee be disturbed in his possession.

It is the settled practice in Courts of equity in *England* and *America*, to decide causes on appeal upon the weight of evidence, without respect to the conclusion of the inferior Courts upon that evidence.

To authorize a Court of equity to reform a written instrument, on the ground of mistake, it must be established beyond reasonable controversy, and be made entirely plain, that the instrument does not express the intent of the parties.

*Wednesday,*
*November* 28.

ERROR to the *Marshall* Circuit Court.

PERKINS, J.—Bill by *Barkey* against *Linn*, for the specific performance of the following condition of a bond:

" The condition of the above obligation is such: whereas the above bounden *Solomon Linn* has sold unto *Jacob Barkey* a certain lot of land known and particularly described as follows: the east half of the south-west quarter of section number eleven, township number thirty-three north, of range number three east, containing eighty acres, more or less, for 300 dollars, for which the said *Barkey* has paid the said *Linn* 200 dollars. Now, if the said *Barkey* does well and truly pay to the said *Linn* 100 dollars, said sum being in three promissory notes, one for 30, one for 50, and one for 20 dollars, then the said *Linn*, on reasonable request, at his proper cost, shall convey the above lot of land to the said *Barkey* by a good and indefeasible inheritance in fee simple, and by the said *Linn* so doing, then this obligation," &c. " *Solomon Linn*. Attest: *James O. Parks*."

*Barkey* paid the three notes mentioned in the bond, and *Linn* tendered him a deed, with covenants as follows: " That he will forever warrant and defend the same [the premises conveyed,] with all the appurtenances, unto said *Barkey*, his heirs and assigns, against the lawful claims of all persons whatever; excepting, however, the said grantors are not in any way liable for any claim of alimony or dower which the wife of *Cyrus Cott*, the grantor of the said grantors, may be entitled to," &c.

This deed *Barkey* refused to accept, on the ground that it was not in compliance with the condition of the bond, that requiring, as he asserted, a deed with full covenants; and he filed his bill to procure a satisfactory conveyance.

*Linn* defended, on the ground—

1. That the language of the bond did not require a deed with full covenants; and

2. That if it did, there was a mistake in drafting it, rendering its requirements more comprehensive than was the agreement between the parties.

Upon the second point, a number of depositions were taken, which, however, the chancellor thought failed to establish the mistake in the bond, and, being of opinion that its terms required a deed with full covenants, he decreed, on the submission of the cause to him, the execution of such a deed.

We have no doubt as to the correctness of the chancellor's decree. A fair construction of the language of the bond, makes it demand a deed with full covenants. See *Leonard* v. *Bates*, 1 Blackf. 172, part of the opinion on p. 174, and *Clark et al.* v. *Redman*, same vol., p. 379. *Dawson* v. *Shirley*, 6 Blackf. 531.

The evidence as to the mistake in the bond, is very conflicting, and if the rule governing the action of this Court in cases at law, under such circumstances, is to prevail in this, a case in chancery, of course we have nothing to do but affirm the conclusion of the Court below. That this rule is to prevail, we are told by counsel for *Barkey*, on the authority of *Calkins* v. *Evans et al.*, 5 Ind. R. 441; while, on the other hand, counsel for *Linn* cite us to *Baker* v. *Leathers et al.*, a case in which the Supreme Court reversed the decree of the chancellor upon the weight of conflicting evidence, as establishing a different rule. 3 Ind. R. 558.

It is the settled practice in the *English* and *American* chancery Courts, to decide causes upon appeal on the weight of the evidence, without respect to the conclusion of the inferior Courts upon that evidence. *Gallion* v. *McCaslin*, 1 Blackf. 91, and note 1, where the practice is

HARVARD LAW SCHOOL LIBRARY

Nov. Term, 1855.

LINN
v.
BARKEY.

stated, and authorities cited.  *Pell* v. *Forquar*, 3 Blackf. 331.— *Gafney* v. *Reeves*, 6 Ind. R. 71, and cases there cited.

There are two very good reasons upon which this departure, in equity, from the rule in common law cases may. be justified:

1. In equity practice, the evidence is mostly by depositions, and is all a necessary part of the record, without any bill of exceptions, while at law it is otherwise. See the cases above cited. Hence, as neither the inferior nor superior Court has an opportunity to observe the manner of witnesses when testifying, each is equally prepared to judge of the weight of the testimony. At common law the inferior Court has the advantage.

2. Chancery causes are triable by the Court, without a jury. They are not regarded as being embraced in the constitutional provision touching jury trials. Hence, the Supreme Court can decide such causes upon their merits; while, should the Court assume so to decide common law cases, it would, in effect, be depriving the parties of the right of jury trial.

But, in the present case, should we act upon the chancery rule, and weigh the evidence, we can not reverse the decree that has been rendered. The alleged mistake is not established with sufficient clearness to justify the Court in altering the written instrument. The rule is, that it must be "established beyond reasonable controversy," "made entirely plain," that the written paper does not express the intent of the parties, before it can be altered. 1 Story's Eq., p. 173. In the language of this Court, in *Bush* v. *Keller*, 2 Ind. R. 69, a case closely resembling the present, "there should be, at least, a strong case made to authorize such a decree."

The agreement of the parties, then, requiring a deed with full covenants, and the plaintiff in the bill having performed his part of that agreement, the proper remedy to be applied was to decree the execution of such a deed. That deed the defendant could make, though it might subject him to an action for a breach of covenant, should

the plaintiff be disturbed in his possession. Such a risk he assumed when he made his contract.

We may properly remark, that the question of practice raised in this case becomes unimportant under the new code, which, assimilating law pleadings to those in chancery, assimilates chancery trials to those at law. In other words, in amalgamating the two systems, it has made all pleadings nearly chancery and all trials nearly law. Hence, bills of exception will probably be necessary, hereafter, as at law, in cases not regulated by statute, and the Supreme Court will apply the rule at law, in considering the evidence, in all cases.

*Per Curiam.*—The decree is affirmed with costs.

*J. B. Niles* and *A. L. Osborn*, for the plaintiff.

*J. W. Chapman*, for the defendant.