No. 9691.

PLANT ET AL. *v.* EDWARDS.

DEMURRER TO EVIDENCE. — *Practice.* — *Dismissal.* — The general denial and affirmative defences being pleaded, the plaintiff, after both parties had put in evidence and rested, demurred to the evidence, and the court compelled the defendants to join in the demurrer. The demurrer was overruled, and then the plaintiff was permitted to dismiss his suit.

*Held,* that the demurrer was wholly unauthorized.

*Held,* also, that no judgment could properly be rendered upon it.

*Held,* also, that there was no error in permitting the plaintiff to dismiss his cause.

From the Superior Court of Cass County.

*D. P. Baldwin, D. D. Dykeman, D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellants.

*D. C. Justice,* for appellee.

BLACK, C.—The appellee sued the appellants, with others who refused to join in this appeal.

The defendants answered by general denials, and some of them by additional paragraphs of special defence.

On the trial, after evidence had been introduced on both sides, and the parties respectively had rested, the plaintiff, it is said in the record, demurred to the evidence. Leave was given him to file the demurrer, and the jury was discharged, the defendants objecting. The defendants, having been ruled, over their objection, to join in the demurrer, which set forth the evidence on both sides, did so.

The court overruled the demurrer, and the plaintiff, having excepted to this ruling, moved to dismiss the cause. Pending this motion, the defendants moved for judgment in their favor, on the overruling of the demurrer. This motion was overruled, and thereupon the court sustained the plaintiff's motion, dismissed the cause, and rendered judgment in favor of the defendants for costs. The defendants then moved the court to set aside the judgment of dismissal, and to render judgment in their favor on the demurrer to the evidence. This motion was overruled.

Plant *et al. v.* Edwards.

The appellants present for our decision the action of the court in sustaining the motion to dismiss the cause, and in refusing to render judgment for the defendants upon the demurrer to the evidence.   There is no brief for the appellee. The code of 1852, sec. 363, provided, as does sec. 333, R. S. 1881, that an action may be dismissed without prejudice, by the plaintiff, "before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced."   After providing when the action may be dismissed by the court, the section concludes:   "In all other cases, upon the trial the decision must be upon the merits."

The practice of demurring to the evidence has not been encouraged by the courts.   The proceeding is hazardous for the demurrant, and, though it has been allowed in this State, it has not been much resorted to here or in other jurisdictions, which fact may account to some extent for the frequent misapprehension by attorneys of the purpose of the proceeding. It has no place in our criminal practice.   *Miller.* v. *State,* 79 Ind. 198.   We need not determine, in this case, what effect, if any, upon the right to demur in civil actions, results from the absence from the civil code of 1881 of a provision similar to that of section 802 of the civil code of 1852, by which the laws and usages of this State relative to pleadings and practice in civil actions and proceedings not inconsistent with the code of 1852, and, so far as the same might operate in aid thereof, or to supply an omitted case, were continued in force.

It is no part of the object of proceedings upon demurrer to evidence " to bring before the court an investigation of the facts in dispute, or to weigh the force of testimony or the presumptions arising from the evidence.   That is the proper province of the jury.   The true and proper object of such a demurrer is to refer to the court the law arising from facts. It supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the court to apply the law to those facts."   *Fowle* v. *Common Council of Alexandria,* 11 Wheat. 320.   "The matter of fact being confessed,

the case is ripe for judgment in matter of law upon the evidence, and may then be properly withdrawn from the jury; and being entered on record will remain for the decision of the judges." *Gibson* v. *Hunter*, 2 H. Bl. 187, 208. "The court is not by the demurrer substituted for the jury, whose duty it is to weigh the testimony." *Davis* v. *Steiner*, 14 Pa. St. 275. " By this proceeding, the issue in fact, closed to the jury, is exchanged for an issue in law; and on the determination of this latter issue, either way, judgment follows, as it would have done, on a verdict found for the same. party, on the issue in fact." Gould Pl., ch. 9, pt. 2, section 47.

The court does not, in such proceedings, perform the functions of a jury. The facts are admitted, and the court applies the law to them and determines which party to the issue should succeed upon such facts. The decision upon the demurrer is a decision upon the facts shown by the evidence, and, like the decision upon a demurrer to the complaint, is purely a matter of law. It " can not involve any questions of fact on the evidence." *Copeland* v. *New England Ins. Co.*, 22 Pick. 135; *Gibson* v. *Hunter, supra.* " Indeed, the case made for a demurrer to evidence, is, in many respects, like a special verdict." STORY, J., in *Fowle* v. *Common Council of Alexandria,. supra.*

Instead of instructing the jury as to the law, and leaving the law to be applied by the jury to the facts found by them from the evidence, the court discharges the jury, and, without finding the facts from the evidence as this is done by a jury, or by the court when it tries the cause acting as a jury, the court applies the law to. admitted facts, all the facts shown by the evidence and all that the evidence conduces or tends to prove being taken by the court, without weighing probabilities, as being admitted.

In *Golden* v. *Knowles*, 120 Mass. 336, it was said, in. speaking of a demurrer to evidence: "One of the effects of a demurrer is, that it admits all the facts which the evidence of the plaintiff tends to prove; another is, that if the demurrer

is overruled, the plaintiff is entitled to judgment." In *Commonwealth* v. *Parr*, 5 W. & S. 345, where the Commonwealth had joined in the defendant's demurrer to the evidence, and judgment upon the demurrer had been rendered for the defendant, the appellate court, in reversing the judgment, itself rendered judgment against the defendant and remitted the record to the court below that it might pass sentence on him. So, in *Davis* v. *Steiner, supra,* the appellate court, in reversing the judgment of the court below, which was in favor of the defendant on his demurrer to the evidence, gave judgment for the plaintiff. In *Griggs* v. *Seeley*, 8 Ind. 264, in reversing a judgment which had been rendered in favor of the defendant, who had demurred to the evidence, this court remanded the cause, with instructions to enter judgment for the plaintiff. In *Fouch* v. *Wilson*, 60 Ind. 64 (28 Am. R. 651), the defendant's demurrer to the evidence had been sustained, and this court instructed the court below to overrule the demurrer to the evidence, and to render judgment thereon in favor of plaintiffs. See, also, *Louthain* v. *Fitzer*, 78 Ind. 449.

It would seem to follow from all the foregoing authorities, that where a demurrer to evidence has been properly tendered, in a case where it might properly be allowed, and it has been decided against the demurrant, the issue has been determined against him on its merits, and he should not afterward be permitted to dismiss the cause.

In the case now to be decided, each party introduced oral and written evidence. The record sets out all the evidence in the form of a bill of exceptions signed by the judge. The following addition thereto is signed by plaintiff's attorney:

"And this being all the evidence given in the cause, the plaintiff says that the evidence of the defendants is not sufficient to maintain their defence to the plaintiff's cause of action, and, therefore, he demurs thereto and prays that the defendants may be required to join in this demurrer; and he admits the written evidence and all the facts proven by the witnesses hereinbefore set out, and any inference and conclu-

sion the jury might rightfully and reasonably draw therefrom, and he prays judgment."

Upon demurrer to evidence, the demurrant can not make admissions in his own favor and thereby have them influence the determination of a dispute as to facts. Facts favorable to the demurrant can not thus be put in the balance against facts favorable to his adversary. The demurring party can not by his demurrer " cause his own evidence to be taken for true, and the court can not, without usurping the province of the jury, decide upon its truth." *Woodgate's Adm'x* v. *Threlkeld,* 3 Bibb, 527. And if he wishes to set up any facts in his favor he must resort to the jury to have them established. *Copeland* v. *New Eng. Ins. Co., supra.* His evidence can not be considered. *Fritz* v. *Clark,* 80 Ind. 591, and authorities cited; *Davis* v. *Steiner, supra; Jones* v. *Ireland,* 4 Iowa, 63; Gould Pl., ch. 9, pt. 2, sec. 53; *Willcuts* v. *Northwestern Mut. Life Ins. Co.,* 81 Ind. 300; *Ruff* v. *Ruff, ante,* p. 431.

In *Gibson* v. *Hunter, supra,* the defendants demurred to the evidence, and the plaintiff joined. Judgment upon the demurrer was rendered in favor of the plaintiff. Upon writ of error it was held that, without the distinct admission by the defendants upon the record of every fact and every conclusion which the evidence given by the plaintiff conduced to prove, it was not competent for the defendants to insist upon the discharge of the jury from giving a verdict, and to oblige the plaintiff to join in the demurrer, and that no judgment could be given upon such a demurrer. It was said that there could be no manner of certainty in the state of facts upon which any judgment could be founded. Therefore, a *venire de novo* was awarded. In *Fowle* v. *Common Council of Alexandria, supra,* at the trial upon the general issue, both parties introduced evidence. The defendants demurred to the evidence, and the record contained the whole evidence. The judgment on the demurrer was in favor of the defendants. In reversing this judgment it was said by STORY, J.: " When the demurrer was so framed as to let in the defendant's evidence, and thus to rebut

what the other side aimed to establish, and to overthrow the presumptions arising therefrom, by counter presumptions, it was the duty of the circuit court to overrule the demurrer, as incorrect, and untenable in principle. The question referred by it to the court, was not a question of law, but of fact. * * Under such a predicament, the settled practice is, to award a new trial, upon the ground that the issue between the parties, in effect, has not been tried." And a *venire de novo* was awarded. The words "to overrule" are used by the learned judge in the sense of to annul, to set aside.

In *Jones* v. *Ireland, supra,* where the defendant, by demurrer to evidence, sought to withdraw a question from the jury which was proper to be decided by the jury, and to submit the decision thereof to the court, making a case where the plaintiff could not have been required to join in the demurrer, the presumption in his favor to be drawn from the evidence not being admitted by the defendant, the appellate court, in reversing the judgment, which was in favor of the defendant, said that where the plaintiff is not bound to join in the demurrer, if he does so, the court can pronounce no judgment upon the demurrer; and the judgment was set aside, and a *venire de novo* was awarded.

No joinder in demurrer can be required while there is any matter of fact in controversy between the parties. 4 Phillipps Ev. 784, and authorities cited.

The plaintiff, appellee, sought to withdraw from the jury, and to refer to the court, the determination of what was within the jury's province. There was still a controversy of fact. His admission included his own evidence, as well as that of his adversary. The burden of proof was upon the demurrant, and, in the absence of his own evidence, no evidence was needed for the determination against him of the issue of fact. Without evidence in support of the plaintiff's cause of action, there was nothing to defend against. In such a case the court is inevitably bound not to decide in favor of the plaintiff, and

there is no opportunity for the determination of the merits of the issue.

The demurrer was wholly irregular and incorrect, and untenable in principle, a thing without reason or authority in its favor.

It was error to require the defendants to join in the demurrer, but they have not presented that error in this court. No judgment could rightfully be rendered upon such a demurrer. We will presume that this was the view taken by the court below.

After the demurrer had been overruled, the merits of the issue remained untried and undecided, and no final judgment could properly be rendered. Under such circumstances it was not error to permit the plaintiff to dismiss the cause.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it hereby is affirmed, at the costs of appellants.

Petition for a rehearing overruled.