Bethell *v.* Bethell.

## No. 7443.

## BETHELL *v.* BETHELL.

DEED.—*Law of Place of Execution.—Seizin.*—Whether a deed contains cove-- nants of seizin is to be determined by the law of the place of its execution.

SAME.—*Contract for.— Covenant for General Warranty Deed.*—A contract for a warranty deed entitles the covenantee to a deed with a covenant of seizin.

SAME.—*Covenant of Seizin, Personal One.—Foreign Law.*—The covenant of seizin is a personal one, and as to such a covenant a deed may be re- formed, although the land upon which it operates is situated in a foreign State.

SAME.—*Suit to Reform.*—A suit to reform a deed is *in personam*, and may be brought where the person resides, although the land lies in another State or country.

SAME.—*Executory Contract for.—Fraud in Preparation.*—A person who con- tracts to prepare a deed with full covenants is guilty of a fraud if he prepares a deed without covenants, and delivers it as prepared in ac- cordance with the terms of the preliminary agreement.

SAME.—*Vendor and Vendee.—Action for Failure of Title.*—The general rule is that in cases where there is no covenant and no fraud, a vendee can not recover although there is a complete failure of title. *Beal* v. *Beal,* 79 Ind. 280, limited.

SAME.—*After-Acquired Title.*—Where a covenantee has been evicted by the rightful owner, he can not be compelled to accept a newly acquired title of the grantor, but may sue for the purchase-money.

FOREIGN LAW.—*Presumption.*—Where the statute of another State is re- lied on, it must be pleaded, otherwise the presumption is that the com- mon law prevails.

SAME.—*Knowledge of.—Pleading and Proof.*—A man is not bound to know the laws of another State or country, and such laws must be pleaded and proved as matters of fact.

SAME.—*Representation of.*—A party who professes to know what the foreign law is, is guilty of fraud if he falsely represents the law and misleads the person with whom he is dealing.

FRAUD. —*Misrepresentation of Existing Fact.*—Where a party merely prom- ises to do a thing in the future there can be no fraud, but where there is a delivery of an instrument materially different from that required by a contract, with intent to deceive, there may be fraud.

SAME.—*Knowledge of Falsity of Statement Not Essential.*—Where a party pro- fesses to possess knowledge of a fact, and for the fraudulent purpose of inducing another to act makes a statement of the fact, which is untrue, and thereby misleads the person with whom he is dealing, he is guilty of fraud, although he did not know the statement to be false.

PRACTICE.—*Demurrer to Evidence.*—A demurrer to evidence admits all in-

ferences that may be drawn from the evidence against the party who de-
murs, and evidence favorable to him can not be considered if there is
any conflict.

From the Spencer Circuit Court.

*A. Iglehart* and *J. E. Iglehart*, for appellant.
*C. H. Butterfield, E. Gough* and *E. R. Hatfield*, for appellee.

ELLIOTT, J.—This case is here for the second time. On
the former appeal, *Bethell* v. *Bethell*, 54 Ind. 428 (23 Am. R.
650), it was decided that the deed upon which the action is
founded did not contain a covenant of seizin; that the laws
of the State of Missouri, where the land is situate, could not
extend into this State so as to incorporate covenants in the
deed, and that the law of the place of the contract governs
the courts in determining the question whether or not the deed
contains covenants of warranty or seizin.

The law of the case, so far as concerns this point, is made
by the decision on the former appeal, for it is settled law that
where an appellate court decides questions fully presented by
the record, and directly involved in the cause, the decision
controls throughout all the subsequent progress of the case.

The law of the case, then, is that no action for a breach of
covenant of seizin can be maintained, because there is no such
covenant in the deed.

The effect of the ruling on the former appeal was sought to
be obviated by an amendment of the complaint, and we are
now to examine the amended complaint and ascertain whether
it states a cause of action within the rule heretofore laid down
in this cause.

The substance of the second paragraph of the complaint is
that the appellee executed the deed to the Missouri land pursu-
ant to an agreement for the exchange of property; that the ap-
pellant " represented that his title to the Missouri lands was
good and perfect, and that he held them by deed of general
warranty under the laws of that State; and that in consider-
ation that the plaintiff would convey to him, the defendant,

the Warrick county land by deed, in manner and form afore-said, the defendant would convey the Missouri land to plain-tiff by deed of general warranty under the laws of that State, and containing just such covenants and warranties as were contained in the deed for the said land to the defendant from his vendors and grantors." The allegation which we have copied is followed by the averment that the appellee performed his part of the contract, that the appellant delivered the deed set forth, and that it is not a deed with covenants of warranty and seizin. Then follow these allegations: " That the deeds to the defendant from his grantors contained covenants of title, of seizin, of good right to convey, and of warranty; that in order to carry out his contract with plaintiff, the defendant procured and directed his wife to copy the deed to plaintiff, set out above, from the deed from defendant's grantor of said Missouri lands, with the necessary changes as to the names, dates and consideration; and that the defendant's wife in copy-ing said deed inadvertently and undesignedly, and without the knowledge or consent of the defendant, omitted to copy into the plaintiff's deed the covenant of warranty and seizin, and of good right to convey, which was and is contained in the deed to defendant from which she copied." Want of title in the appellant, and other matters required to show a breach of covenant, are properly pleaded.

Before considering the objections made to this paragraph of the complaint, it is proper to say that it is challenged, not by demurrer, but by the assignment of errors. It is not, therefore, to be examined with that particularity and scrupu-lous care which would be necessary if there were errors as-signed upon a ruling made on demurrer. Many objections which would be available upon demurrer are without force after verdict.

The complaint shows a preliminary contract, entitling the appellee to a deed, with full covenants; it shows also an at-tempt to carry the contract into effect by the execution of such a deed, and that the intention of the parties was defeated

Bethell v. Bethell.

by the mistake of the person who drew the deed. It is objected that there is no statement of what the writer of the deed omitted, but we are not disposed to allow this objection to prevail, because there are facts averred from which it can be fairly and readily inferred that the writer omitted the full covenants contained in the deeds executed to the appellant. We are, indeed, of the opinion, that, in this particular, the paragraph would have been good on demurrer.

As the law of Missouri was not pleaded, the presumption is that the common law prevailed in that State. *Smith* v. *Muncie Nat'l Bank*, 29 Ind. 158; *Robards* v. *Marley*, 80 Ind. 185. Proceeding upon this principle, the appellant argues that a warranty deed at common law need not contain a covenant of seizin, and that, therefore, the appellee was not entitled to such a deed. This argument is fallacious. The averments of this pleading are, that the appellant promised to make a deed, with covenants of warranty, of seizin, and of good right to convey, and that he undertook to carry this contract into effect by executing a deed, but by the mistake of the draughtsman was prevented from executing such a deed.

The law of this State is, that an executory contract for a general warranty deed calls for a deed with full covenants. *Clark* v. *Redman*, 1 Blackf. 379; *Leonard* v. *Bates*, 1 Blackf. 172; *Dawson* v. *Shirley*, 6 Blackf. 531; *Linn* v. *Barkey*, 7 Ind. 69; *Parker* v. *McAllister*, 14 Ind. 12. There can, therefore, be no doubt that, under the allegations of the second paragraph of the complaint before us, the appellant was entitled to a deed with a covenant of seizin, and that the mistake of the person who drew the instrument prevented him from securing such a deed. Rawle Cov. (4th ed.), 35.

The covenant of seizin is a personal covenant, and, we think, that as to such a covenant a deed may be reformed, although the land upon which the deed operates is situated in another State. *Bethell* v. *Bethell, supra; Craig* v. *Donovan*, 63 Ind. 513; *McClure* v. *McClure*, 65 Ind. 482; *Wilson* v.

*Peelle*, 78 Ind. 384. A decree reforming a mistake operates upon the contract and the parties, and where the contract is made in the State where the parties reside, the suit to reform is properly brought in that State. We regard the case of *Watkins* v. *Holman*, 16 Peters, 25, as against rather than for the appellant upon this point, for it was there decided that "A court of chancery, acting *in personam*, may well decree the conveyance of land in any other State, and may enforce their decree by process against the defendant." The principle which rules this case is the same as that which governs suits to enforce the specific performance of contracts, and it is well settled that such suits may be brought where the parties reside, although the land lies in a foreign State. The doctrine is thus stated in *Brown* v. *Desmond*, 100 Mass. 267: "A suit for specific performance of a contract for the conveyance of land proceeds *in personam*, and may be maintained in any court of equity which has jurisdiction of the parties, even if the land lies in another State or a foreign country." The case of *Mitchell* v. *Bunch*, 2 Paige, 606, reviews many authorities and declares a like principle. Many cases to the same effect are cited by a recent writer. 1 Pomeroy Eq., section 135. Our own cases recognize the rule that a decree for specific performance operates upon the person, and not directly upon the property. *Coon* v. *Cook*, 6 Ind. 268; *Dehart* v. *Dehart*, 15 Ind. 167. It is true, that *Parker* v. *McAllister*, *supra*, holds a different doctrine, but that case is at variance with the later case, and is in conflict with the well known rule that equity only acts upon the person. In *Vail* v. *Jones*, 31 Ind. 467, the case of *Parker* v. *McAllister*, *supra*, is incidentally referred to as still authoritative, but it is evident that the question was not considered. It is not easy to reconcile the doctrine of the last named case with the settled rule that new trials are not demandable as matter of right in actions for the specific performance of contracts. *Benner* v. *Benner*, 10 Ind. 256; *Allen* v. *Davison*, 16 Ind. 416; *Walker* v. *Cox*, 25 Ind. 271; *McFerran* v. *McFerran*, 69

Ind. 29. But, whatever may be said as to the present force of the decision in *Parker* v. *McAllister, supra,* it is clear that it does not conflict with our conclusion, that independent of statute, suits to reform contracts, or to enforce specific performance, may be brought where the defendants reside. This we say, because that case is placed solely upon the statute.

We are satisfied that the second paragraph of the complaint states a cause of action.

The material allegations of the third paragraph of the complaint may be thus summarized: For the consideration of property worth $4,800 appellant agreed to convey the Missouri land to the appellee, represented that he had a perfect title to it, and agreed to make a deed with full covenants. The appellee asked for a short form warranty deed, but the appellant induced him to accept another form, by representing that as the land was situated in Missouri, such a deed would not be sufficient, and that he would make a valid deed, with full covenants and properly execute and record it. The appellee was a farmer, utterly ignorant of the laws of Missouri, and he knew the appellant to be a trader in property, and believed him to be possessed of full information, and relied upon him as a man of great business experience and integrity; that appellant did make and record a deed, but it was not seen by appellee until long after its execution and recording; it did not contain any covenants, and appellant, as he well knew, had no title to the land which he assumed to convey.

This paragraph of the complaint is good. It shows an agreement to prepare and execute a deed with full covenants, and that the promisor fraudulently prepared and executed a deed without such covenants. There was a breach of this contract, and, as it appears that appellant could not make a title, the appellee is, under the averments of this pleading, entitled to damages. The rule which prevails here is thus laid down in *Hay* v. *Star F. Ins. Co.,* 77 N. Y. 235 (33 Am. R. 607):

"A party, whose duty it is to prepare a written contract, in pursuance of a previous agreement, to prepare one materially changing the terms of such previous agreement, and deliver it as in accordance therewith, commits a fraud which entitles the other party to relief." 1 Pomeroy Eq., section 877, n.

A man is not bound to know the laws of a foreign State. The representation as to the law of Missouri was not that of a matter of law, but of a matter of fact. 1 Story Eq. (11th ed.), section 140, auth. n. Laws of foreign States are to be pleaded and proved as facts, and neither courts nor parties are required to take notice of them as matters of law. *Milligan* v. *State, ex rel.*, 86 Ind. 553; 1 Whart. Ev., section 300. Where one of two contracting parties represents that he knows the law of a foreign State, and this representation is acted upon by the other, the plainest principles of natural justice require that he who made the representation should be deemed guilty of fraud if he misleads the person with whom he is dealing by a false statement of the foreign law. 1 Pomeroy Eq., section 847, auth. n.

It is true that a promise to do a thing in the future is not fraud, although there may be no intention of fulfilling the promise; for fraud consists in the misrepresentation of an existing fact. *Fouty* v. *Fouty*, 34 Ind. 433; *President, etc.*, v. *Hamilton*, 34 Ind. 506; *Burt* v. *Bowles*, 69 Ind. 1. But in the present case there is more than a failure to make good a promise; there is deceit, misrepresentation, abuse of confidence, and a wrongful preparation of a written instrument, different from that agreed upon. There are facts pleaded showing fraud, and the absence of epithets does the pleading no harm.

The appellant demurred to the appellee's evidence, and insists that the court did wrong in overruling this demurrer.

It is a familiar rule that a demurrer to evidence not only admits all that the evidence tends to prove, but all reasonable inferences that may be drawn from it. *Willcuts* v. *Northwestern M. L. Ins. Co.*, 81 Ind. 300; *Indianapolis, etc., R. R. Co.* v.

*McLin,* 82 Ind. 435; *Plant* v. *Edwards,* 85 Ind. 588. There is no weighing of the evidence where a demurrer to it is interposed; all inferences are made against the party who demurs. *Davis* v. *Steiner,* 14 Pa. St. 275; *Copeland* v. *New England Ins. Co.,* 22 Pick. 135; *Ruddell* v. *Tyner,* 87 Ind. 529; *Adams* v. *Slate,* 87 Ind. 573.

It is the general rule that in cases where there is no covenant and no fraud, a vendee can not recover, although there is a complete failure of title. *Laughery* v. *McLean,* 14 Ind. 106; *Johnson* v. *Houghton,* 19 Ind. 359; *James* v. *Hays,* 34 Ind. 272; *Church* v. *Fisher,* 40 Ind. 145; *Cartright* v. *Briggs,* 41 Ind. 184; *DeFord* v. *Urbain,* 48 Ind. 219; *Stratton* v. *Kennard,* 74 Ind. 302; *Gibson* v. *Richart,* 83 Ind. 313. The decision in *Beal* v. *Beal,* 79 Ind. 280, rests on peculiar facts, and the ruling there made is not to be extended; for to extend it would be to carry the case into conflict with settled elementary principles, and with a long and unbroken line of decisions of this court. We agree with the learned counsel for appellant that the case can not be deemed authoritative here, and that its effect is to be restricted rather than enlarged.

The case in hand must turn upon the question, whether the evidence is such as justifies an inference of fraudulent conduct on the part of the appellant. If there is any evidence at all justifying that inference, we must, under the rule stated, make it in favor of the finding of the trial court. The appellee gave testimony as to the terms of the exchange and said, among other things, "We were very particular in our statements about title. He" (the appellant) "told me he had a good title to his land in Missouri, and said that he had a good warranty deed and would make me the same kind of a deed. I told him I wanted a short form deed, and he said the laws of Missouri were different from the laws of Indiana; that he could not make a short form deed by the laws of Missouri; that they used the long form like we used to in Indiana; that he had a form of the deed and understood the form used in Missouri; that his wife would make the deed and

he would send it to Missouri and have it recorded." It was also proved that appellee had no acquaintance with the laws of Missouri; that he relied on the representation of the appellant, and there were admissions of the appellant fully justifying the inference that he never had any title to the Missouri land. The appellee further testified that he believed the deed to be sufficient, and was not informed to the contrary until the decision made by this court.

It is very plain that the appellee believed, and the appellant intended he should believe, that he would get a deed with full covenants. We do not see how any one can read the evidence and doubt this conclusion.

The appellant, therefore, must be held to have agreed to prepare a deed of a designated character, and as he did not do this he was, under the authorities already, cited guilty of fraud.

There were facts, however, which fully justified the inference that the representations of the appellant as to the character of a deed required by the laws of Missouri, and as to the preparation of a proper deed, were made for the fraudulent purpose of foisting upon the appellee a deed without covenants, and thus enabling him to escape liability in case of failure of title. The appellant had stated that he knew what the laws of Missouri required, had represented that a deed equivalent to our deed of general warranty should be executed, and instead of executing such a deed executed one of an entirely different character; he had also represented that he had a perfect title to land to which, in fact, he had no title at all. In view of these untruthful statements, confessed by the demurrer to be so, there was ample ground for the inference that the whole scheme was a fraudulent one to secure the appellee's property without conferring title to the land proposed to be given him in exchange, and without incurring liability on any covenant.

The representation of the law of Missouri was, as we have seen, the representation of a fact. If the appellant was mis-

taken as to the law, then the appellee is entitled to relief on the ground that there was a mutual mistake of fact; if he was not mistaken, then he was guilty of fraud, and the appellee is entitled to relief on that ground.

Where a man professes to possess full knowledge of a fact, and for the fraudulent purpose of inducing another to act makes a statement of fact which is untrue, and thus misleads the person whom he has induced to act, he is guilty of fraud, although he did not know the statement to be false. In the present instance, the appellant professed that he knew the law of Missouri, and induced the appellee to rely upon that statement, and he should not be allowed to escape upon the ground that it has not been shown that he knew that his profession and statements were false. In *Frenzel* v. *Miller*, 37 Ind. 1 (10 Am. R. 62), it was held that "If the statement be in fact false, and be uttered for a fraudulent purpose, which is in fact accomplished, it has the whole effect of a fraud in annulling the contract, although the person uttering the statement did not know it to be false, but believed it to be true." This doctrine has often been approved. *Brooks* v. *Riding*, 46 Ind. 15; *Krewson* v. *Cloud*, 45 Ind. 273; *Booher* v. *Goldsborough*, 44 Ind. 490. Mr. Pomeroy thus states the rule: "Where a person makes an untrue statement, and has at the time no knowledge of its truth, and there are no reasonable grounds for his believing it to be true, he is chargeable with fraud, although he had no absolute knowledge of its untruth, and may claim to have had a belief in its truth." 2 Pomeroy Eq., section 887.

In speaking of a case somewhat like the present, BLACKFORD, J., said: "The plain, honest doctrine is, that if the seller could not, or would not, convey it (the land) to the purchaser, he had no right to the purchase-money." *Leonard* v. *Bates*, 1 Blackf. 172. That remark applies here; "the plain, honest doctrine" is, that the appellant should not get $4,000 and more of the appellee's property and yield nothing in return.

It is exceedingly doubtful, whether a party who demurs to

evidence can afterwards move for a new trial on the ground that the court erred in excluding evidence, but we do not decide that question as it has not been argued. Assuming, but not deciding, that the appellant had a right to move for a new trial, we inquire whether the court erred in excluding evidence offered by him. The evidence offered by the appellant was that he had tendered the appellee a sufficient deed for the Missouri land, and that after the commencement of the action, and before the filing of the amended complaint, he had acquired a perfect title. There was no error in excluding this evidence. There was no possession given the appellee, nor did the deed vest in him any right of possession, for the grantor had no right to convey and no title to grant. In such a case the rule is that stated by Professor Washburn, if a covenantee has been evicted by the rightful owner, he can not be compelled to accept a newly acquired title of the grantor, but may sue for the purchase-money if he chooses to do so. 2 Washb. Real Prop. 673 ; *Burton* v. *Reeds*, 20 Ind. 87 ; *Lacey* v. *Marnan*, 37 Ind. 168.

