BETHELL v. BETHELL.

DEED.—*Covenant.*—*Seizin.*—*Law of Place.*—*Deed made in this State for Land in Another.*—*Law of Foreign State.*—Where a deed is executed in this state between citizens thereof, conveying lands situated in another state, without any covenants, the law of the latter state can not be made to extend beyond her borders so as to make such deed contain a covenant of seizin.

SAME.—The words, "grant, bargain, sell and convey", in a deed of conveyance of land in fee-simple, do not imply any covenants.

SAME.—The law of the state where land conveyed is situated must alone be looked to in determining whether the deed of conveyance passes any title to the vendee.

SAME.—*Personal Covenant.*—Where a grantor, having no title thereto nor possession thereof, conveys land with a covenant of seizin but fails to put his grantee in possession, such covenant is at once broken and does not run with the land, but is purely personal.

From the Warrick Circuit Court.

*A. Iglehart* and *J. E. Iglehart*, for appellant.

*I. S. Moore*, *C. Baker*, *O. B. Hord* and *A. W. Hendricks*, for appellee.

WORDEN, C. J.—Action by the appellee, against the appellant. The complaint contained two paragraphs. The first went out on demurrer. A demurrer for want of sufficient facts was filed also to the second, but was overruled, and exception taken. Such further proceedings were had as that final judgment was rendered for the plaintiff.

Error is assigned upon the overruling of the demurrer to the second paragraph of the complaint.

The second paragraph of the complaint alleges, that, on the 13th of May, 1869, by a deed of conveyance between the appellant and his wife and the appellee, all of whom were and had been citizens of Warrick county, Indiana, for more than thirty years, the appellant *granted, bargained and sold* to the appellee certain lands in Missouri, described by sections, etc., in consideration of four thousand eight eight hundred dollars.

The deed is copied into the paragraph, and contains the words "*grant, bargain, sell and convey*," and purports to be upon a consideration of four thousand eight hundred dollars.

The paragraph then avers, that, by the law of the state of Missouri at said date, the defendant, by said deed of conveyance, covenanted to and with the plaintiff that he was seized of an indefeasible estate of inheritance in fee simple, and that said defendant, by force of said law, might be sued upon the same in the same manner as if said covenant had been inserted in the deed.

The paragraph here sets out a section of the Missouri statutes, which corresponds with these allegations, and proceeds to allege, further, that at said date the defendant was not seized of an indefeasible estate of inheritance in fee-simple to said real estate, but, on the contrary, that he had not nor has he yet any title whatever to any part of said lands. That defendant was never at any time in possession of said lands, nor were they ever in the possession of the plaintiff; and that while the plaintiff was ignorant of said want of title, he paid a large amount of taxes on said lands, to wit, some eighteen months, after said conveyance.

The deed, as set out, contains no covenants whatever, either express or implied. There is no general warranty, as provided for by our statute. The words, " grant, bargain, sell and convey," do not imply any covenants in a conveyance in fee, though the words, " grant " or " demise," may imply a covenant of title, in a lease for years. This

proposition was decided, after an exhaustive examination of the authorities, in the case of *Frost* v. *Raymond*, 2 Caines, 188. So that if the deed is to be regarded as containing the covenant of seizin, or, indeed, any other covenant, it must be by virtue of the law of Missouri, set out in the pleading.

Hence, the question arises, whether a deed, executed in Indiana, between her citizens, for land in another state, but containing no covenants whatever by the law of Indiana, shall be construed as containing, by implication, such covenants as would, by the law of the state where the land lies, be regarded as contained in the deed.

This is an interesting, and a somewhat novel question. We have been furnished with able briefs by counsel for the respective parties, who have cited the general authorities upon the point, but yet no case has been found entirely in point.

There can be no doubt that the law of Missouri, alone, can be looked to in order to determine whether the deed in question was sufficient to pass the title. In the sale and conveyance of real estate, so far as regards the capacity of the parties to convey and hold, respectively, the formalities necessary to a valid transfer, the dominion and enjoyment of the same by the vendee, and the right of succession thereto, and all other incidents to the acquisition of the land, the *lex rei sitæ* governs.

But it does not, therefore, necessarily follow that the *lex rei sitæ* so far governs conveyances made elsewhere, as to change their character as mere conveyances and invest them with the character of personal covenants not necessary to the transmission of the property.

We are referred by the counsel for the appellee to the case of *McGoon* v. *Scales*, 9 Wal. 23, in which MR. JUSTICE MILLER said: "It is a principle too firmly established to admit of dispute at this day, that to the law of the state in which land is situated, we must look for the rules which

Bethell *v.* Bethell.

govern its descent, alienation, and transfer, and for the effect and construction of conveyances."

This was said, however, in reference to the question whether the title did actually pass by a certain deed. The question was, whether "the effect and construction" of the conveyance were such as to pass the title.

As we desire to decide nothing but the exact question presented here, and as the distinction between covenants running with the land and those not running with the land may perhaps be supposed to enter into the question, we proceed to consider the character of the covenant alleged to have been broken. The supposed covenant, of which a breach is alleged, is the covenant of seizin. And it is alleged that the land was never in the possession of the defendant or the plaintiff. There are some cases holding that the covenant of seizin runs with the land, where the grantor was in possession and delivered possession to the grantee. But all the cases, so far as we are advised, hold, that where the grantor is not in possession and does not deliver possession to his grantee, the covenant of seizin, if the grantor had no title, is at once broken and does not run with the land. In the case of *Chambers' Adm'r* v. *Smith's Adm'r*, 23 Mo. 174, it was held, that "If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and can not pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. In such case, the breach is final and complete; the covenant is broken immediately, once for all, and the party recovers all the damages that can ever result from it. If, however, the possession pass, although without right,—if an estate in fact, although not in law, be transferred by the deed, and the grantee have the enjoyment of the property according to the terms of the sale, the covenant runs with the land and passes from party to party, until the paramount title results in some damage to the actual possessor, and

then the right of action upon the covenant vests in the party upon whom the loss falls."

The supposed covenant in this case, then, was one that did not run with the land; it was purely personal and broken as soon as entered into; it was not so connected with the land that any subsequent grantee thereof could take advantage of it. The question is therefore narrowed down to this: can a deed, executed in Indiana, between citizens thereof, containing no covenants whatever according to the law of Indiana, be held, by virtue of the law of Missouri, where the land lies, to contain a covenant not running with the land but broken as soon as entered into? We think this question must be answered in the negative. A covenant of seizin not running with the land is purely a personal covenant, broken as soon as made, and has nothing whatever to do with the transmission of the title to the land. As a general rule the *lex loci contractus* determines the construction and effect of contracts. And we think that where a deed is made, as above stated, the question whether it contains such a covenant is to be determined by the law of the place where it is made.

The case does not fall within another rule of law well established, viz., that where a contract is to be performed in a place different from that in which it is made, the law of the place of performance is to govern the contract. Here, the contract was completely executed and was not executory. By the terms of the deed there was nothing further to be done by the grantor, either in Missouri or elsewhere. There were no stipulations that bound him to the performance of any future act. Whatever title did or could pass by the deed passed immediately upon its execution and delivery, and there was nothing further to be done by the grantor.

As the deed was executed in Indiana, and as the parties resided therein, it would seem that they accepted the law of Indiana as the exponent of the rights conferred

and obligations imposed thereby, beyond the mere passing· of the title.    The case of *Thurston* v. *Rosenfield*, 42 Mo. 474, is closely analogous in principle.    Rosenfield failed in business in New York, and in that state made an assignment of his effects, including certain real estate in Missouri, in which assignment certain creditors were preferred.    The assignment was regularly executed and acknowledged, so as to pass the title to the land in Missouri, but according to the laws of Missouri it was void on account of the preference given to some of the creditors. But it was held, as the parties were residents of New York and New Jersey, and as the assignment was valid by the law of New York where it was executed, and as the policy of the Missouri law was to deny preferences in that state, that the assignment was governed by the law of New York, and it was upheld accordingly.    See Whart. Confl. Laws, sec. 276.

The law of Missouri can not extend beyond her territorial limits so as to make an instrument containing no covenants, executed in another state, between citizens thereof, contain such a covenant as that alleged here to have been broken.

The case of *Carver* v. *Louthain*, 38 Ind. 530, was an action upon the covenants contained in a deed for the conveyance of land situate in the state of Illinois.    The question does not seem to have been made whether the covenants were governed by the law of Illinois, or otherwise.    But the case was decided upon the theory that the law of Indiana was applicable to it.

The case is, of course, less authoritative upon the point than if the question had been made.

We are of opinion that the second paragraph of the complaint failed to state facts sufficient to constitute a cause of action, and that the demurrer thereto should have been sustained.

VOL. LIV.—28

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.