## CRAIG ET UX. v. DONOVAN.

COVENANT.—*Seizin.*—*Husband and Wife.*—*Deed Executed in this, for Land in another, State.*—*Complaint.*—*Demurrer.*—In an action for damages for a breach of the covenants of warranty contained in a deed of conveyance of lands in another State, purporting on its face to have been executed in this State, for a valuable consideration, by the defendants as husband and wife, to the plaintiff, the complaint set out a copy of the deed and alleged that it had been executed in this State, between residents thereof, upon a valuable consideration, but that the defendants had never had either title to or possession of such lands.

*Held*, that, on joint demurrer, the complaint is sufficient, though insufficient on separate demurrer by the wife.

*Held*, also, that the covenant of seizin in the deed was purely personal, did not run with the land, and was broken immediately upon the execution of the deed.

From the Montgomery Circuit Court.

*G. W. Paul, G. C. Coon* and *J. McCabe,* for appellants.

*P. S. Kennedy, W. T. Brush* and *R. B. F. Peirce,* for appellee.

HOWK, C. J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, in a complaint of two paragraphs.

Subsequently, the appellee filed a third paragraph of his complaint, and withdrew or dismissed the first· two paragraphs originally filed.

The appellants jointly demurred to the third paragraph of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and to this decision they excepted.

The appellants jointly answered, by general denial.

The issues joined were tried by the court without a jury, and a finding was made for the appellee, in the sum of one thousand and eight dollars, and judgment was rendered accordingly.

The appellants' motion for a new trial was overruled, and to this ruling they excepted, and appealed to this court.

The appellants have here assigned, as errors, the following decisions of the circuit court:

1.   In overruling their demurrer to the third and only paragraph of appellee's complaint; and,

2.   In overruling their motion for a new trial.

We will consider and decide the questions presented by the appellants' counsel, arising under these alleged errors, in the order of their assignment.

1.   In the third and only paragraph of his complaint, the appellee alleged, in substance, that the appellants, on the 8th day of April, 1875, by their deed executed on that day in Montgomery county, Indiana, all the parties thereto being citizens and residents of said county and State at said date, which said deed was filed with and made part of said paragraph, conveyed and warranted to the appellee the following described land, in Taney county, Missouri,

to wit: The south-east quarter of section 6, in township 23, range 17 west, containing 160 acres, for which said conveyance the appellee paid the appellants the sum of two thousand dollars; that the appellants, by the terms of said deed, warranted that they were seized of said land and had good right to convey the same; whereas, in fact and in truth, they nor either of them had any title whatever to said land, and never had possession thereof, the same having been all the time, from before the date of said conveyance, in the lawful possession of the United States, and at the time of said conveyance the title to said land was in the United States; wherefore the appellee said there was a breach of the covenants in said deed, whereby he had been damaged in the sum of two thousand five hundred dollars, for which sum he demanded judgment.

The deed which was the foundation of the appellee's action, and was made part of his complaint, was in the words and figures following, to wit:

" This indenture witnesseth, that Thomas F. Craig and Mary E. Craig, his wife, of Montgomery county, in the State of Indiana, convey and warrant to Michael Donovan, of Montgomery county, in the State of Indiana, for the sum of two thousand dollars, the following real estate in Taney county, in the State of Missouri, to wit: The south-east quarter of section six (6), township twenty-three (23), range seventeen (17), containing one hundred and sixty (160) acres, more or less. In witness whereof the said Thomas F. Craig and Mary E. Craig, his wife, have hereunto set their hands and seals, this 8th day of April, 1875.

(Signed,)  "Thos. F. Craig, [seal.]<br>
"Mary E. Craig." [seal.]

This deed appeared to have been acknowledged, on the day of its date, by Thomas F. Craig and Mary E. Craig,

his wife, before a notary public of Montgomery county, Indiana.

It is very certain, we think, that the complaint did not state a good cause of action against the appellant Mary E. Craig; for it appears from the deed, which was made part of the complaint, that she was a married woman, the wife of her co-appellant, when the deed was executed, and therefore she was not bound by any of the covenants contained in the deed. If she had demurred separately to the complaint, for the want of sufficient facts therein, it would have been error to overrule her demurrer; but, as she demurred to the complaint jointly with her co-appellant, if it stated facts sufficient to constitute a cause of action against her co-appellant, then the demurrer was correctly overruled as to both the appellants. *Trisler* v. *Trisler*, 38 Ind. 282; *Shore* v. *Taylor*, 46 Ind. 345; and *Wilkerson* v. *Rust*, 57 Ind. 172.

It will be seen from the deed above set out, that it conforms substantially to the form given for a warranty deed in section 12 of "An act concerning real property and the alienation thereof," approved May 6th, 1852. 1 R. S. 1876, p. 364.

In that section, it is provided, that such deed "shall be deemed and held to be a conveyance in fee-simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey them," etc.

The averments of the complaint show, that the deed in question was executed in this State, by and to resident citizens of this State.

The action was brought to recover damages for an alleged breach of the covenant of seizin contained in that deed, "purely a personal covenant," which does not run with the land.

It was alleged in the complaint, that the appellants had not, nor had either of them, any title whatever to the land conveyed, and never had possession thereof, but that the title thereto, at the time of said conveyance, was in the United States. If these allegations were true, and the appellants' demurrer admits their truth, then it is clear, we think, that the appellants' covenant of seizin was broken immediately after it was executed, and a cause of action for the damages occasioned by such breach accrued at once to the appellee. *Bottorf* v. *Smith*, 7 Ind. 673, and *Bethell* v. *Bethell*, 54 Ind. 428.

The doctrine of the case last cited, it seems to us, is decisive of the case now before us. It was said in the case cited, and may well be said in this case: " As the deed was executed in Indiana, and as the parties resided therein, it would seem that they accepted the law of Indiana as the exponent of the rights conferred and obligations imposed thereby, beyond the mere passing of the title."

It is clear, we think, that the court did not err in this case, in overruling the appellants' demurrer to the appellee's complaint.

2. In their brief of this cause in this court, the appellants' counsel have failed to discuss any question, or present any point, arising under the second alleged error—the overruling of the motion for a new trial. We conclude, therefore, that the second error is waived. This is now the established practice of this court, and we can see no good reason for deviating from this reasonable and well settled rule, in the case at bar. *Breckenridge* v. *McAfee*, 54 Ind. 141 ; *Graeter* v. *Williams*, 55 Ind. 461 ; *Roche* v. *The Roanoke Classical Seminary*, 56 Ind. 198.

We find no available error in the record.

The judgment is affirmed, at the appellants' costs.