## FISHER v. PARRY.

COVENANT.—*Conveyance of Land in Another State.—Law of Place.*—In 1862, F. conveyed certain land situate in Minnesota to K., by a deed in the form prescribed by the statute of Indiana. Afterward K conveyed the land to P., by a deed in the old form, with all the usual covenants. Both deeds were executed and delivered in Indiana, where all the parties resided. H. had owned the land and mortgaged it to D., in 1857; the latter subsequently foreclosing his mortgage and becoming the purchaser of the land, of which he took possession.

*Held,* that, as P. can maintain an action against F. only upon some cove-

nant running with the land, and as, in determining whether a deed contains such a covenant, the *lex rei sitæ* governs, said P. has no right of action against F.

From the Henry Circuit Court.

*C. D. Thompson* and *J. W. Sansberry*, for appellant.

*D. C. Chipman*, for appellee.

SCOTT, J.—Charles Fisher, on the 21st day of February, 1862, being then the owner of certain land in the State of Minnesota, conveyed the same to Asael S. Kinnan for the sum of eight hundred dollars; Kinnan afterward conveyed the land to the appellee; both of these deeds are warranty deeds; the one from Fisher and wife to Kinnan is in the form prescribed by the statute of Indiana; the one from Kinnan and wife to Parry is in the old form, with all the usual covenants, and particularly the covenant against encumbrances of whatever kind or nature. Parry paid eight hundred dollars for the land. Both of said deeds were executed and delivered in the State of Indiana, and while all the parties were residents of said State. One Samuel Herron owned the land in 1857, and, while he owned it, he made and delivered a mortgage on said land to one Dudley. This mortgage was duly recorded in the proper county. This mortgage was foreclosed, and the land sold, and, after the time for redemption had expired, a deed was made to the purchaser; and, by virtue of such sale, the purchaser took possession of the land. These facts were all properly set forth in the complaint. The deeds and mortgage were made exhibits.

There was a demurrer to the complaint for want of sufficient facts. The demurrer was overruled, and exception entered. The defendant answered in three paragraphs:

1. General denial ;

2. The law of Minnesota, which we copy from the answer :

" Sec. 5. No covenant shall be implied in any conveyance of real estate, whether such conveyance contains special covenants or not."

In the 3d paragraph the defendants pleaded the statute of Minnesota in mitigation of damages. We copy this law from the answer :

" Sec. 35. Whoever conveys real estate by deed or mortgage, containing a covenant that it is free from all encumbrances, where an encumbrance appears of record to exist thereon, whether known or unknown to him, shall be liable in an action of contract to the grantee, his heirs, executors, administrator, successor or assigns, for all damage sustained in removing the same.".

It is averred that this encumbrance was only eighty-six dollars.

A demurrer for want of facts was severally sustained to these two answers, and exceptions entered.

Trial by a jury; verdict for the plaintiff against Charles Fisher, and a verdict in favor of Mrs. Fisher. Motion for a new trial overruled, exception, and judgment on the verdict.

The only errors assigned in this court are the rulings of the circuit court on the demurrers to the complaint and answers.

The only question to be determined on these rulings is, whether the law of Indiana, the place where the deeds were made, shall govern in the interpretation of the contract, or whether the law of Minnesota, where the land described in the deeds was and is situated, shall control the contract, and the rights of the parties under it. This is conceded to be the only question presented for our consideration, and it has been ably argued by counsel for the appellant and appellee.

It has often been held that the law of the place must govern in all things necessary to give title or possession to real estate ; and we are not aware of any decision to the contrary. It has been held that a parol agreement made in the State of New York was sufficient to pass the title to real estate in a State where the statute of frauds was not in force. *Abell* v. *Douglass*, 4 Denio, 305.

It can not be said, however, that one in Pennsylvania, where the statute of frauds in relation to the transfer of real estate is not in force, could transfer the title to real estate in Indiana, by an oral agreement, unless such agreement was followed by such acts of the parties as that a court of equity would enforce the agreement if made in Indiana.

In *Bethell* v. *Bethell*, 54 Ind. 428, this court recognized this rule, in the following language : 

"In the sale and conveyance of real estate, so far as regards the capacity of the parties to convey and hold, respectively, the formalities necessary to a valid transfer, the dominion and enjoyment of the same by the vendee, and the right of succession thereto, and all other inci-dents to the acquisition of the land, the *lex rei sitæ* governs."

We think this rule is too well settled to admit of dis-pute. But it was expressly decided in the case cited, that, in determining whether a deed contained certain cov-enants, the *lex rei sitæ* did not govern ; and hence a deed made in Indiana, by and to parties living in Indiana, to lands in the State of Missouri, which contained only the words " grant, bargain, sell and convey," did not con-tain a covenant of seizin.

WORDEN, J., in pronouncing the opinion of the court in the above cited case, uses the following language :

"A covenant of seizin not running with the land is purely a personal covenant, broken as soon as made, and has nothing whatever to do with the transmission of the title

to the land. As a general rule, the *lex loci contractus* determines the construction and effect of contracts. And we think that where a deed is made, as above stated, the question whether it contains such a covenant is to be determined by the law of the place where it is made."

See, also, *Craig* v. *Donovan*, 63 Ind. 513; *McClure* v. *McClure*, 65 Ind. 482.

Taking the above to be the true principle in the case then before the court, it follows that, if the covenant in the deed, which is alleged to have been broken, is purely a personal covenant, it must be found in the deed, as interpreted by the law of Indiana. The deed set out in the complaint contains the words "convey and warrant," which, by the statute, contain the covenant against encumbrances, which is a personal covenant, and, under the facts set out in the complaint, Kinnan could have undoubtedly maintained an action against Fisher for a breach of this covenant. But the statute of Indiana makes the deed contain more than the personal covenant against encumbrances; it contains, by the statute, a covenant for quiet possession. This latter covenant is *in futuro*, and runs with the land. By the statute of Minnesota, no such covenant is contained in the deed. Parry could maintain an action against Fisher only on some covenant running with the land, as it is well settled that an assignee of a vendee can not maintain an action against the vendor of his vendee on the breach of a covenant purely personal. In determining whether a conveyance of real estate contains a covenant that runs with the land, the *lex rei sitæ* governs. It follows, therefore, that Parry has no right to recover against Fisher.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to the circuit court to sustain the demurrer to the complaint.

Petition for a rehearing overruled.