Filed Nov. 28, 1887.

---

No. 12,977.

## JACKSON v. GREEN.

DEED.—*Covenant of Seisin.—Law Governing.*—Where a deed is made in this State purporting to convey land in another State, the question as to whether it contains the covenant of seisin is determined by the law of this State.

SAME.—*Short Form.—Covenants Embraced in.*—Under the statute of this State, the words "convey and warrant" comprehend and express all the covenants of warranty as fully as if they were written out at length in the deed.

SAME.—*Breach of Covenant of Seisin.*—Where a grantor has neither title nor possession, the covenant of seisin is broken as soon as the deed is executed.

SAME.—*Special Covenant.—Limitation of General.*—A special covenant "now and forever warranting and defending the said premises against all taxes against us, and against our own acts in the premises," limits the general covenants against encumbrances and for quiet enjoyment, but not the general covenant of seisin.

From the Porter Circuit Court.

*E. D. Crumpacker* and *P. Crumpacker*, for appellant.
*W. Johnston*, for appellee.

ELLIOTT, J.—The deed on which the appellant's complaint is founded purports to convey land in the State of Missouri, and is in the ordinary short form prescribed by our statute, except that it contains, in addition to the general clause "convey and warrant," the following clause: "Now and forever warranting and defending the said premises against all taxes against us, and against our own acts in the premises." This clause follows the description and is at the close of the instrument.

The breach alleged is, that the grantors never had title to any part of the land and could convey none. Neither the appellant nor the appellee has ever been in possession of the land. The deed was executed in this State.

The law of this State determines the question whether the deed contains the covenant of seisin. *Bethell* v. *Bethell*, 92 Ind. 318; *Craig* v. *Donovan*, 63 Ind. 513; *Bethell* v. *Bethell*, 54 Ind. 428.

By force of our statute, the words "convey and warrant" comprehend and express all the covenants of warranty as fully as if they were written out at full length. The deed, therefore, contains the covenant of seisin, and as the grantor had neither title nor possession, the covenant was broken as soon as the deed was executed. *Craig* v. *Donovan, supra,* and cases cited; *Bethell* v. *Bethell*, 92 Ind. 318, 321, and cases cited.

As the deed contains all the covenants, this complaint is good, unless the general covenant of seisin is limited by the special covenant of warranty. Our judgment is, that the special covenant restricts two of the general covenants and no more. The first of these is the covenant warranting against encumbrances; the operation of that covenant is limited to taxes. The second of the general covenants limited by the special covenant is that of quiet enjoyment. Rawle Cov. for Title (5th ed.), section 92.

The fair construction of the words of the special covenant, if taken apart from the other words of the deed, would be

that they extended no further than this; but, when taken, as they must be, in connection with the other parts of the deed, it becomes very clear that no other construction can be justly given them. The general covenant comprehended in the words· "convey and warrant" was, certainly, intended to secure the grantee some title; but to hold that the special covenant operated to limit the covenant of seisin would effectually destroy the conveying quality of the deed. The natural presumption is that the grantor covenanted to convey the grantee some title, for this is the chief purpose of a warranty deed, and this presumption should prevail unless clearly overthrown by the special provisions of the instrument. It is but reasonable to assume that the grantor undertook to vest some title in his grantee, and this assumption ought to stand until it is made to appear that the special clauses so far break the force of the words "convey and warrant" as to make them inoperative, and this, it is obvious, would transform the deed into little else than a mere release or quitclaim. As the parties inserted in the deed general covenants of the broadest scope, the special ones should not be allowed to so restrict the force of the general ones as to make the deed practically one destitute of the great requisite of a conveyance, unless the words of the special clause are so clear and strong as to leave no other course open to the courts.

It is said, in a work of recognized authority, that "But where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear, or the covenants be inconsistent." 2 Sugden Vendors (8th Am. ed.), 283. This statement of the rule is copied with approval by Mr. Rawle. Covenants for Title (5th ed.), section 291.

The question was presented in *Rowe* v. *Heath,* 23 Texas, 614, very much as it is here, and it was held that the special covenant did not limit the general covenant of seisin.

It must be borne in mind that the covenant alleged to be broken is not an implied covenant. It is, on the contrary,

an express covenant, as fully as if written out at full length and with the utmost technicality required by the old common law rules. *Keiper* v. *Klein*, 51 Ind. 316. The authorities which hold that special express covenants control general implied ones are, therefore, not in point.

Judgment reversed.

Filed Nov. 28, 1887.