Worley, Administrator, *v.* Hineman *et al.*

Filed February 15, 1893

———◆———

No. 263.

## WORLEY, ADMINISTRATOR, *v.* HINEMAN ET AL.

DEED.—*Covenant Against Incumbrance.*— *When in Præsenti.*— *When in Futuro.*—The covenant against incumbrances included in the general warranty in the statutory form of Indiana deeds is one that runs with the land, and is not *in præsenti,* unless the deed was ineffectual as a conveyance, in which case the covenant would be *in præsenti,* being broken as soon as made.

SAME.—*Covenant Running with Land.*—*How Determined.*—*Deed Conveying Land in Another State.*—Whether or not a deed executed in Indiana, conveying land in another State, contains a covenant of seizin that runs with the land, is a question to be decided by the law of Indiana.

ACTION.—*Local and Transitory.*—*How Determined.* —The common law rule that an action on a covenant running with the land is a local one has been changed by statute in this State defining local and transitory actions.

CONTRACT.—*Action for Breach of.*—*Venue.*—Where an action is brought to recover damages for a breach of contract purely, the law of the State where the contract was made governs.

PLEADING.—*Sufficiency of.*—*Action on Breach of Covenant.*—*Practice.*—*Motion.* —*Jurisdiction.*—*Presumption.*—In an action on a breach of a covenant against incumbrances, the complaint is sufficient which states, among other things, that there was a valid and subsisting mortgage thereon for a large amount, to wit, $1,000, which was foreclosed in the proper court, and there was an order of sale, and a sale accordingly. This sufficiently

Worley, Administrator, v. Hineman *et al.*

shows a valid lien. If the defendant desired more particular allegations, his remedy was by a motion to make more specific. It must be presumed that the court, in the foreclosure proceedings had full jurisdiction of the necessary parties and subject-matter, and did its duty therein.

MORTGAGE.—*Assumption of Payment by Grantee.*—*How Differs from a Purchase Subject to a Mortgage.*—Where a person assumes the payment of a mortgage upon real estate which he has purchased, out of the proceeds of the sale of the land, he is in a different position to one who has purchased subject to a mortgage. In the former case, he becomes personally liable as soon as he acquires the necessary funds from the sale, while in the latter he does not.

APPEARANCE.—*Defending in Name of Another.*—*Effect of Judgment on Such Defendant.*—Where a person appears and defends a suit in the name of the nominal defendants, for his own benefit, the person so defending is precluded by the judgment.

COSTS.—*Expenses for Defending Title.*—*When Allowed.*—The necessary expenses for defending one's title are properly allowed when it is shown that the covenantor had notice of the suit, or where he himself defended the action in the name of the grantee defendant.

EVIDENCE.—*Foreclosure Proceedings.*—*When Admissible.*—*Copy of Mortgage.*—In an action on a breach of covenant against incumbrances, the record of the proceedings foreclosing a mortgage on the land mentioned in the deed was correctly admitted in evidence, and the admission in evidence of a copy of the mortgage certified to by the clerk of the court could work no harm; and, in such an action, the foreclosure proceedings are admissible against one who appeared and defended said action in the name of another, and as against such defendant, evidence is admissible tending to show the amount of consideration received, and the defendant's relation to the mortgage.

SAME.—*Deposition.*—*Possible Relevancy.*—*Court can not be Required to Anticipate.*—Where evidence contained in a deposition might become relevant under possible phases of the case, the court can not be required to anticipate its propriety or impropriety before it is offered in evidence.

SAME.—*Statements of Attorney.*—*When Admissible.*—*When not.*—While the statements of an attorney are not competent in evidence to show him to have been the attorney of the defendant in a certain foreclosure proceeding, nor as showing the appearance and defense made in such proceeding, yet they might be competent for the purpose of contradicting him as a witness, where the proper foundation has been laid.

SAME.—*Sufficiency of to Sustain Judgment.*—That the evidence is sufficient to sustain the judgment, see opinion.

From the Owen Circuit Court.

---

Worley, Administrator, v. Hineman et al.

---

*J. H. Louden, W. P. Rogers* and *R. W. Miers*, for appellant.

*W. R. Harrison, H. C. Duncan, D. E. Beem* and *W. Hickam*, for appellees.

REINHARD, C. J.—This was a claim filed against the estate of appellant's decedent Hiram Worley, by the appellees Melvin M. Hineman and Robert P. Wood, administrator of the estate of James E. Wood, deceased, for damages for breach of covenant of warranty.

A demurrer to the complaint was overruled, and this ruling is the first specification of error upon which the appellant asks a reversal.

The complaint, or statement of claim, shows that in the year 1868 Hiram Worley conveyed to the claimant Hineman and one George N. Puett certain real estate in Ford county, Illinois, by deed, with covenants of warranty, for the consideration of $2,600; that the said parties lived in the State of Indiana, in which State said deed was made and delivered. A copy of the deed, which is the common short form warranty deed used in Indiana, is filed as an exhibit with the complaint, and shows that the same was duly acknowledged. The complaint proceeds to aver that subsequently the said Hineman and Puett conveyed said real estate, with covenants of warranty, to one James E. Wood, whose estate is one of the claimants herein, and that Wood subsequently, in like manner, conveyed the same to Samuel A. Thompson and Joseph P. Evans; "and claimants aver that at the time of the acceptance of the said deed from the said Worley there was a valid and subsisting mortgage thereon for a large amount, to wit, the sum of $1,000; that subsequently such proceedings were had on said mortgage, in the proper court of said Ford county, that the said mortgage was foreclosed on the —— day of April, 1882, and the said real estate ordered sold in satisfaction thereof, the said Hiram Worley having been

notified of the pendancy of said foreclosure proceedings."

It is further averred that subsequently the said Thompson and Evans redeemed said real estate by paying therefor the sum of $2,480, which was necessary to protect their title thereto; that Evans then began a proceeding in the proper court against the claimant Hineman and Robert P. Wood, the administrator of said James E. Wood, to recover the amount so paid by him in redemption of said real estate, being $1,240, which was one-half the amount required for the redemption thereof; that afterwards the said claimants, being liable to said Thompson in a like amount, in order to avoid further trouble and expense of litigation, and a demand therefor having been made by him, paid said Thompson a like sum in satisfaction of his said claim; that the whole amount so paid by them was $2,480, each paying one-half thereof, and that they paid and became liable in the necessary defense of the said suits in the further sum of $200; and they ask judgment or an allowance against the estate of appellant's decedent in the sum of $2,800.

The first point made against the complaint is that as it is disclosed on its face that the alleged incumbrance existed at the time the deed was made to Hineman and Puett by Hiram Worley, the covenant was broken as soon as it was made, and was, therefore, personal, and does not run with the land, and that Puett, being a remote grantee, has no cause of action, and this being a joint suit, and one of the plaintiffs being shown to have no interest in the same, the entire suit must fail, and the demurrer, for want of facts, should have been sustained. Works' Pr., sections 101, 102.

It appears from the averments of the complaint that all the parties to the transaction resided in Indiana, while the land conveyed was situated in Illinois. It is not urged by appellant's counsel that in the construction of the contract of warranty the laws of Illinois must govern, nor is

the statute of that State pleaded or referred to as declaring a different rule from that obtaining in this State.    What the appellant's counsel do contend is that the covenant relied upon is one that does not run with the land, but is purely personal.    They argue that the covenant was broken as soon as it was made, for at the time Worley deeded the land to Hineman and Puett the mortgage was in full force, and a cause of action accrued to the grantees at once, upon which they alone could have maintained an action.

Whatever the doctrine may be as declared in other States, we think it is well settled in Indiana that a covenant against incumbrances, embraced in the statutory form of Indiana deeds of general warranty, is one that runs with the land.    For this rule the statute and the comprehensive form of the warranty used by virtue thereof supply the reason.    The term "convey and warrant" is construed as containing covenants not only of title and seizin, and against incumbrances, but, also, for quiet enjoyment; and where the original grantor either had the title, or was in possession under claim of title, such covenant is in futuro and runs with the land.    Dehority v. Wright, 101 Ind. 382.

In fact the statute itself provides that the form of deed here employed shall be held to be a conveyance with covenant from the grantor himself and his heirs and personal representatives to the grantee, his heirs and assigns, that the grantor is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof, that the same are free from incumbrances, and that he will warrant and defend the title to the same against all lawful claims.    R. S. 1881, section 2927.

Usually it is true, a special covenant against incumbrances is in præsenti, and does not run with the land, as such covenant is broken as soon as made, and vests the right of action at once in the immediate covenantee, and in him alone, or in case of his death, in his legal representative; but it is otherwise where the covenant against in-

cumbrances is embraced in the general warranty.  In that case, any breach calculated to disturb the grantee in the enjoyment of his property is covered by his covenant, embracing as it does a guaranty for future as well as present enjoyment.  He may wait until he is evicted and then sue, or he may pay off the incumbrance and bring his action, provided he finds it necessary to extinguish the incumbrance in order to ward off an eviction if the land is legally bound.  See *Jackson* v. *Green,* 112 Ind. 341; *Sinker* v. *Floyd,* 104 Ind. 291; *Black* v. *Duncan,* 60 Ind. 522; *Coleman* v. *Lyman,* 42 Ind. 289.

The fact that Worley, when he conveyed to Hineman and Puett, did not have possession of the land, being a resident of Indiana, can add no force to the appellant's position when it is conceded, as it is here, that he had the title, subject only to the mortgage lien.  He was in a position to give possession, and this was sufficient.  It would have been otherwise, of course, had Worley received no title whatever from his grantor.  In that case the want of title in him when he conveyed to Hineman and Puett would have constituted a breach of the covenant of seizin, which would have given such grantees the sole right of action, and this right would not have been assignable, for as Worley could have transferred nothing that would vest any sort of estate *in futuro,* there could have been no assignment by his grantees of any right attaching to the land, and the right to recover for a breach would be purely personal.  But here Worley had the title to the premises subject only to the lien of the mortgage, and there was no disturbance of the quiet enjoyment until there was an ouster or eviction, or until the mortgage debt was paid by the grantee in possession.  Whether under the law of this State an action could be maintained for a breach of such covenant without showing a payment of the mortgage debt, is a question not now before us.  In

such case, however, no more than nominal damages could be recovered in any event.

While it is not claimed by appellant's counsel that the question, whether or not the deed contains a covenant that runs with the land, should be decided by the law of Illinois, and not by that of Indiana, it is insisted that the plaintiffs have no cause of action inasmuch as the covenant is purely personal and has not passed to the remote grantee, and in support of this contention our attention is called to the case of *Fisher* v. *Parry*, 68 Ind. 465. In that case it was decided that where a deed is made in Indiana by and to a resident of this State to land in Missouri, the question as to whether the deed contains a covenant of warranty that runs with the land, must be determined by the law of the State where the land is situated. As the statute of Illinois is not pleaded we must presume that the common law is in force in that State, under which the form of deed here employed would, perhaps, not be sufficient as containing a covenant to the extent covered by our statute.

Under the common law rules, where a plaintiff sued upon a covenant running with the land, and the action was considered a local one, and could only be maintained in a court within the jurisdiction of which the land was situated, this doctrine was carried to the extent of denying the right of action in any other court, even if it left the plaintiff without remedy, as where both parties resided in a State other than the one in which the land was located. Rawle on Covenant of Title, section 302, and notes; *Clark* v. *Scudder*, 6 Gray (Mass.), 122.

But that this rigid rule of the common law has undergone a marked change in some of the jurisdictions of this country is manifest from the decisions and statutes in different States. As is well said by the author referred to:

"Local legislation, however, has in many States altered the rule of the common law, and in a very recent case in

Mississippi where a bill had been filed in that State for reimbursement of expenses in extinguishing a paramount title to land in Louisiana, which had been conveyed with covenants of warranty to the assignor of the plaintiff, it was suggested by the court that the suit being in equity, 'which never was hampered by distinctions of local and transitory causes of action, as were courts at law,' the suit might be sustained on that ground alone; but that above and apart from this, the statute, which enumerated the local actions without naming covenant for breach of warranty, was conclusive in favor of the action being transitory." See the case of *Oliver* v. *Loye*, 59 Miss. 320, 21 Am. Law Reg., 660, with a note by one of the editors, where the question is fully discussed, and numerous authorities cited.

It is proper to say that in this State the statute defines local and transitory actions by providing in what courts they shall be brought. Thus it is enacted that suits for the recovery of land, or for an estate or interest therein, or for the determination in any form of such right or interest, for injury to real estate, for partition and the foreclosure of mortgages, must be commenced in the county in which the subject of the action, or some part, is situated. Actions to recover statutory penalties for violation of official duties, etc., must be brought in the county where the cause, or some part thereof, arose. Actions against corporations may be brought in any county where they have an agency. Actions concerning wills are commenced in the county of probate. Actions against common carriers for personal injury may be brought in any county where the line of road of such carrier runs. In all other cases the action must be commenced in the county where the defendants, or one of them, reside. R. S. 1881, sections 307–312.

As was said in the case of *Oliver* v. *Loye, supra,* so it may be said here:

" The common law distinction of local and transitory actions does not exist here. The statute alone governs, and we can not disregard it, and, because under the common law no remedy could be had by the assignee of a covenantee in a covenant of warranty of title of land lying in another State, deny a remedy in the courts of this State, which does not treat such an action as a local one. The courts which have held such an action not maintainable have done so under the stress of the common law, which they felt so bound them as to constrain them to do what reason revolted at."

The case of *Fisher* v. *Parry, supra,* seems not to have been followed in any later decision, and if we should feel constrained under ordinary circumstances to follow it, we believe we are justified in saying that it is repugnant in principle to the entire line of Indiana cases on the subject. *Jackson* v. *Green, supra; Sinker* v. *Floyd, supra; Bethell* v. *Bethell,* 92 Ind. 318; *Craig* v. *Donovan,* 63 Ind. 513; *Bethell* v. *Bethell,* 54 Ind. 428; *Sage* v. *Jones, Admr.,* 47 Ind. 122; *Coleman* v. *Lyman, supra.*

It is true that these cases were for the most part suits where the question to be decided was whether the deed contained a covenant of seizin, but that covenant can not be said to be a real covenant any less than the covenant for quiet enjoyment. We can very well conceive the rationality of a rule that requires all questions concerning the title of real property, or of an estate or interest therein, or the determination in any form of such right or interest, to be decided by the law of the *situs.* But when the question is one of the right to recover damages for a breach of contract purely, it has generally been held in our courts that the law of the State where the contract was made is the one that governs. The reason for this distinction must be obvious. In the one case it is the interest in the thing itself that is to be determined, and in the other it is a per-

sonal right growing out of the contract made in relation to that thing.

A brief review of the authorities will serve to illustrate the position we assume.

In *Jackson* v. *Green, supra,* which was a suit for a breach of covenant of warranty of title to land in Missouri, the court undertakes to construe the deed, not only as to the covenant of seizin therein contained, but also as to the covenant against incumbrances and for quiet enjoyment, and the limitations placed upon it in such deed.

In *Sinker* v. *Floyd, supra,* the court holds that an action for breach of covenant of title can be maintained only by the party entitled to receive the money to be recovered for damages for such breach, from which it would seem to follow that any remote grantee in possession may recover, and that the right of action is not in the immediate grantee, when the land has been conveyed by him.

In *Coleman* v. *Lyman, supra,* the ruling was that while the covenant of seizin is one that runs with the land, the action for a breach of such covenant is not local to the county of the *situs,* but must be brought in the county of the defendant's residence. It was further held in that case that the action is maintainable by any remote grantee who sustains damages by reason of the breach.

*Martin* v. *Baker, Admr.,* 5 Blackf. 232, was a suit for breach of covenant·of seizin and quiet enjoyment. It was there held that the covenant of seizin is one that runs with the land, and an action for its breach must be brought by the heir, devisee or assignee of the grantee, and can not be maintained by the administrator of such grantee.

From these cases we give it as our opinion that the following propositions of law are established:

*First.* The covenant of seizin, to the extent of fixing the plaintiff's right to recover for a breach thereof, is one that runs with the land, and if the property has been conveyed by the original grantee the right to maintain an ac-

tion for the breach of such covenant passes to the last grantee, his heirs or executors.

*Second.* Whether a deed executed in Indiana, conveying land in another State, contains a covenant of seizin that runs with the land, is a question to be decided by the law of Indiana.

If we are correct in these two propositions it follows, as a necessary corollary, that in any action for a breach of covenant contained in a deed made in this State to real estate lying in another State, the question whether there is or is not a covenant that runs with the land must be settled according to the laws of this State.

If, therefore, the law of Indiana must be invoked to determine whether such a deed contains a covenant that passes the right of action to the remote grantee, we think that the case of *Fisher* v. *Parry, supra,* has been inferentially overruled, and does not correctly declare the law.

Hence, if the appellees, by their complaint, disclose a breach of covenant under the law of this State they have a good cause of action.

It is contended, however, that the allegations of the complaint are insufficient for the further reason that they fail to show that there was a valid incumbrance on the property. The complaint charges "that there was a valid and subsisting mortgage thereon for a large amount, to wit: $1,000." This statement, it is claimed, is too general, and in the nature of a conclusion rather than the averment of a fact. Assuming without deciding that the appellant is correct in the premises, we must inquire whether the subsequent allegations concerning the mortgage will be sufficient to remedy this supposed defect.

It is charged that the mortgage was subsequently foreclosed in the proper court in Illinois, where the land is situated, and that the real estate was ordered sold by decree of court, and was sold in pursuance thereof.

It is strenuously insisted, on behalf of appellees, that this averment shows beyond a doubt that there must have been a legal lien on the land, as there could have been no foreclosure without a valid mortgage. In this view we are disposed to concur.

It must be presumed that the local court had full jurisdiction of the necessary parties and subject matter, and did its duty in the foreclosure proceedings. It could not have done so unless the mortgage was valid and binding. In our judgment the complaint states a substantial cause of action. If the appellant desired a more comprehensive statement respecting the mortgage, he should have made a motion to require the appellees to make their complaint more specific in this regard. *Hyatt* v. *Mattingly*, 68 Ind. 271.

These are all the objections pointed out to the complaint in the brief of appellant's counsel, and we have discovered none other.

The next error assigned is the overruling of appellant's motion for a new trial. Under this assignment, the question of the sufficiency of the evidence is presented. The evidence tends to show that Hiram Worley, the appellant's decedent, conveyed the land in controversy to Hineman and Puett; that Hiram Worley had received the land by like conveyance from Zephaniah Dowden and wife, who had executed to Jessie F. Wilson a mortgage upon the land for one thousand dollars to secure notes given for a patent right sold by said Worley to Dowden; Hineman and Puett conveyed to James E. Wood, and the latter to Joseph P. Evans and Samuel A. Thompson. All these conveyances were by deed of general warranty. There was also evidence to show, that the decedent Worley paid nothing for the land; that he had full knowledge of the existing mortgage, and agreed with Dowden that he would sell the land, pay off the mortgage, and account to him for any overplus he might realize from such

sale.   There was also evidence from which the court might
have inferred that Dowden was indebted to Worley in the
same amount which he was to take out of the proceeds
of the sale.   The evidence further tends to prove that
Worley received of Hineman and Puett $2,600, as the
purchase price of the land; that he never paid the mort-
gage debt, or any part thereof; that the mortgage was
foreclosed in the Circuit Court of Ford County, Illinois,
while said land was owned by Thompson and Evans, who
were made parties to the proceedings; that the land was
sold under the decree of foreclosure, and that Thompson
and Evans redeemed the same to keep from being ousted
and evicted; that thereupon Evans brought suit against
Hineman and Robert P. Wood, the latter as the adminis-
trator of the estate of James E. Wood, deceased, to re-
cover the amount paid by him in redemption of said real
estate; that Hineman and Wood, knowing their liability,
paid said Evans, the plaintiff in said action, the one-half
of such redemption money, which was the amount for
which they were liable to him; that Hineman and Wood,
the claimants, subsequently paid said Thompson a like
amount for which they were liable to him, making in all
the sum of about $2,400, paid by claimants, and that they
further paid out in necessary defense of their title the sum
of about $239; that there were two foreclosure suits in-
stituted, to the first of which Hiram Worley was a party
defendant, and which was determined against the plaint-
iffs to said action; that Hiram Worley died before the
second suit, to which the appellant was not made a party;
that Dowden, Thompson and Evans, and wives, were par-
ties to said second suit, all of whom were served with per-
sonal process, except Dowden and wife, who were served
with notice by publication.

There was evidence tending to show that although the ap-
pellant was not a party to the second suit, yet that in reality
he carried on the defense to the same, and employed an at-

torney for that purpose, and that he and the decedent in fact made the only resistance that was made to the foreclosure of the mortgage, and that while the appellant was not a party to the second suit, he had full knowledge of the same, and defended in the name of the nominal defendants.

It is insisted on behalf of appellant that as neither the decedent Worley nor the appellant, his representative and only heir, was a party to the foreclosure proceedings that resulted in the sale 'of the land, and had not such legal notice of the same as to make any judgment binding upon the estate represented by the appellant, he had a right to litigate the mortgage in the present suit, and defeat, if possible, the action by showing that the debt for which the mortgage was given was invalid. .Upon this theory, the court below seems to have acted, admitting evidence tending to show the *bona fides* or otherwise of the patent right debt. The court determined the question against the appellant. Under .the theory upon which the cause was tried, this could have been done upon either or all of the following hypotheses:

*First.* That the appellant is concluded by the judgment of foreclosure.

*Second.* That if not so concluded, the debt for which the mortgage was given was valid and binding.

*Third.* That the decedent Worley, whether the debt was valid and binding or not, had assumed its payment as part consideration of the purchase of the land, and that he and his representative are estopped to deny the validity of said debt.

We are of the opinion that the evidence fairly tends to sustain the first and third propositions. There is undoubtedly evidence to show that when Worley got his deed from Dowden he had knowledge of the mortgage, and agreed to pay off the same out of the proceeds of the sale, and, as we have already seen, there is also evidence to the

effect that the appellant, though not a party to the fore-closure proceedings, carried on the defense which was made to the same.

We think when the decedent Worley assumed the pay-ment of the mortgage debt, if he did so, he rendered him-self personally liable for the same as soon as he sold the land and received in payment an amount equal to that covered by the mortgage. He stood upon different grounds from one who buys merely subject to a mortgage. While in either case he would take the land charged with the debt, he would, in the latter instance, not become person-ally liable, while in the former he would assume a personal liability as soon as he had realized the mortgage debt out of the proceeds of the sale. See *Hancock* v. *Fleming*, 103 Ind. 533; *Jones* v. *Parks*, 78 Ind. 537; *Figart* v. *Halderman*, 75 Ind. 564.

But assuming that the appellant's decedent only pur-chased the land subject to the mortgage, he or his repre-sentative and heir would doubtless have the right to his day in court as to the validity of the mortgage. Neither of them was a necessary party to the foreclosure proceedings, in order to effect the transmission of title or interest held by the decedent Worley as grantor. But when it comes to making him or his estate liable for the mortgage debt as one who had purchased subject to the mortgage, we think he would be subrogated to the rights of the mort-gagor, and entitled to show that the mortgage was void, and, for that purpose, would have a right to his day in court.

It is conclusively settled, we think, that where a person appears and makes defense to a suit in the name of the defendant, for his own benefit, such person so defending is concluded by the judgment. Freeman on Judgments, section 174; *Montgomery* v. *Vickery*, 110 Ind. 211; *Shugart* v. *Miles*, 125 Ind. 445; *Roby* v. *Eggers*, 130 Ind. 415.

There being evidence from which the court might have

found that the appellant carried on the defense in the name of the defendants to the foreclosure suit, we can not say it was error to decide thåt the appellant was concluded by the judgment of the Illinois court, and it is unnecessary for us to examine the evidence bearing on the good faith of the patent right transaction which formed the basis of the mortgage debt. We think the finding of the court is sustained by the evidence, upon all material points.

It is further claimed that the amount of recovery is excessive. The court allowed the appellees $2,639. There was evidence that it required about $2,400 for the redemption of the land from the foreclosure sale. The claimants here had been sued upon their warranty, and incurred costs and expenses in defending their title fully covering the additional $239. Counsel for appellant have failed to point out the particular item of excessive allowance. We may say, however, that necessary expenses for defending one's title are properly allowed when it is shown that the covenantor had notice of the suit, or, which is the same thing, himself defended the action in the name of the grantee defendant. Rawle on Covenant of Title, section 200 (5th ed.)

Error is further predicated on the ruling of the court in admitting in evidence a certified copy of the mortgage foreclosed. This copy was authenticated by the clerk of the Circuit Court of Ford county, and it is insisted that, as that official is not the proper custodian of mortgage records, his certificate was insufficient for that purpose. If this ruling was erroneous the appellant was not harmed by it. The record of the foreclosure proceedings was properly placed in evidence, and this included a copy of the mortgage. It was not necessary that the original or another copy should have been introduced.

It is also objected that the admission in evidence of the record of the foreclosure proceeding was wrong for the reason that neither Hiram Worley nor the appellant was a party to the same. What we have said in relation to the

appellant's defense of the foreclosure suit applies equally to this objection. The court, as we view the evidence, had a right to conclude that the appellant was estopped by the judgment, owing to his appearance and defense to such suit. The same may be said of the admission of the certificates of sale and redemption. They were but parts of the same record, and admissible upon the same ground.

A motion was made by appellant's counsel, before the beginning of the trial, to strike out some questions and answers in a deposition. This motion was overruled. The evidence related to the consideration Worley received for the land, and the relation he sustained to the mortgage. There was no error in this ruling. The appellees were not confined, in their proof, to the introduction of the mortgage itself. They had a right to show what the decedent said in reference to it, as to what it was given for, whether and how he was to pay the same, etc. Whether this was the mortgage in controversy, or some other, was properly left to the determination of the court below.

The appellant moved to strike out certain questions and answers in the deposition of John H. Moffett, for the reason that they were "incompetent and hearsay evidence." This motion was made and overruled before the trial, and it is claimed that the ruling was erroneous. The questions and answers had reference to the declarations of one Frew, an attorney, who, it was alleged, represented the Worleys in the trials of the foreclosure suits. It does not appear that any objection was offered to the introduction of this part of the deposition in evidence, where, as in this case, the objection is to the relevancy, and if the evidence might become relevant in any possible phase of the case, the court can not be required to anticipate its propriety or impropriety before it is offered in evidence at the trial. We can not say that the questions and answers might not have become proper under the issues. *Indianapolis, etc., R. W. Co.* v. *Anthony,* 43 Ind. 183; *Pittsburgh, etc., R. R. Co.*

v. *Theobald,* 51 Ind. 246; *Covey, Admr.,* v. *Campbell,* 52 Ind. 157; *Myers* v. *Murphy,* 60 Ind. 282.

The declarations of Frew were not competent to prove that he was the attorney or agent of the Worleys, nor were they proper testimony as showing the appearance and defense made in the foreclosure suit by the appellant. But the statements of the agent, or attorney, might have become competent for the purpose of contradicting him as a witness, had the proper foundation been laid, and, perhaps, for other purposes. This was a question more properly to have been decided at the time the evidence was offered, and it was then the appellant should have objected to its introduction. Having failed to do this, the appellant has not saved any question that will avail him for a reversal. The same is true of questions propounded to this witness, and the answer thereto.

We are unable to discover any reversible error.

Judgment affirmed.

Filed February 16, 1893.