## Belle T. Dalton v. S. W. Taliaferro.

1. CONVEYANCES—*Effect of the Words " Convey and Warrant."*—
The words " convey and warrant" in a deed for the conveyance of
lands are to be deemed and held as a covenant by the grantor that the
premises conveyed were at the execution of such conveyance free from
all incumbrances.

2. SAME—*Affecting the Title of Lands Situated in Other States.*—The
validity and construction, as well as the force and effect of all convey-
ances affecting the title of land, depend upon the law of the State where
the land is situated.

3. SAME—*Effect of Covenants Which Run with the Land.*—Cov-
enants which run with the land are to be governed and construed by
the same laws as the granting part of the deed. They can not be sep-
arated from the land and transferred without it, but go with it, as
annexed to the estate, and bind the parties in respect to the privity of
estate.

4. JURISDICTION—*Local, and Appertains to the State Where the
Property is Situated.*—The jurisdiction over real property is local, and

appertains to the State where the property is situated, and the title thereto by conveyance passes only in conformity to the law of such State.

5. COVENANTS—*Against Incumbrances in Illinois upon Lands in Another State.*—In Illinois, covenants against incumbrances which consist of money charges even with the land; and therefore the question whether there is such a covenant in a deed executed and delivered in Illinois of lands in another state, depends upon the law of the state where the land lies, and not upon the law of Illinois.

Assumpsit.— Error to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed April 11, 1902.

C. A. McLAUGHLIN and KIDDER & KIDDER, attorneys for plaintiff in error.

GRIER & STEWART, attorneys for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 28, 1897, S. W. Taliaferro conveyed certain lands in Iowa to Belle T. Dalton. The deed contained the words "convey and warrant," and also these words: "Subject to a mortgage of $4,600, which she assumes." Section 9 of chapter 30 of the Revised Statutes of Illinois, provides that the words "convey and warrant" in a deed for the conveyance of land shall be deemed and held a covenant by the grantor, among other things, that the premises "were then free from all incumbrances." The proofs do not show there is any covenant in said deed, except by virtue of said words, "convey and warrant," and said statute. At the time said deed was executed there were upon said premises two mortgages securing the aggregate principal sum of $4,600. By the third amended declaration in assumpsit in this case Mrs. Dalton sought to recover from Taliaferro interest paid by her on said principal debt, covering the period from March 1, 1897, to March 1, 1898. Defendant pleaded non-assumpsit. The interest earned up to October 28, 1897, the date of the deed, plaintiff claims by virtue of a covenant against incumbrances in said deed, such interest being, as plaintiff

alleges, an incumbrance in excess of what she assumed. The interest earned from October 28, 1897, to March 1, 1898, she claims, under an alleged oral contract by Taliaferro to pay the same as the consideration for being allowed to retain possession of said lands till March 1, 1898. The right to recover in assumpsit for a breach of covenant is not questioned upon this record. This is a writ of error by plaintiff to reverse a judgment rendered for defendant upon a trial of the cause.

The main question argued is whether the trial court erred in instructing the jury that there was no covenant against incumbrances in the deed. The land was situated in Iowa. The deed was executed and delivered in Illinois, where both grantor and grantee resided. The validity and construction, as well as the force and effect, of all instruments affecting the title to the land, depend upon the law of the State where the land is situated. (Harrison v. Weatherby, 180 Ill. 418.) The rule is thus stated in Rorer on Interstate Law, 2d Ed., 285:

" If the instrument be made in one state for the conveyance of realty situated in another, or for the creating or imposing any lien thereon, or in any manner affecting title thereto, then, under all circumstances, it must, in substance and in its execution, and also in the evidences thereof, conform to the law of the place where the land to be affected thereby is situated; for it is a well settled principle of the law that the jurisdiction over real property is local, and appertains to the state wherein the property lies, and that title thereto passes only by conformity to the law of such state."

Plaintiff, however, insists that the principle above stated only applies to those portions of a deed which concern the transfer of title, such as the capacity of the parties to convey and hold, the formalities necessary to a valid transfer, the dominion over and enjoyment of the land by the grantee, the right of succession to the title, and the like; but that said rule does not extend to the covenants in a deed, and that these are to be ascertained and construed by the law of the place where the parties live, and where the deed is executed, when that is not the state where the land

is situated. She therefore claims that, as to covenants, the deed here in question is to be governed and construed by the statutes of Illinois, and therefore it contains a covenant against incumbrances, except the amount assumed by her, and that she only assumed $4,600, and not interest previously earned. To support her contention she relies chiefly upon Bethell v. Bethell, 54 Ind. 428; Craig v. Donovan, 63 Ind. 513; Jackson v. Green, 112 Ind. 341; Worley v. Hineman, 6 Ind. App. 240; Polson v. Stewart, 167 Mass. 211; and Looney v. Reeves (Court of Appeals, Kansas), 48 Pacific R. 606. An examination of the Indiana cases relied upon will show that most of them relate to personal covenants, broken as soon as made, and which do not run with the land. This is still more apparent from the case of Fisher v. Parry, 68 Ind. 465, which was a suit brought in Indiana by a remote grantee of land in Minnesota, upon covenants contained in a deed executed in Indiana between parties living there. It was there held that the question whether a deed of real estate contains a covenant running with the land is to be determined by the law of the State where the land lies. The deed there sued upon contained a covenant which did run with the land according to the laws of Indiana, and upon which plaintiff would be entitled to recover, but by the statute of Minnesota the deed did not contain any such covenant. It was held the complaint did not state a cause of action. A personal covenant was involved in the case of Polson v. Stewart, *supra*, and attention is called to that fact in the opinion. The plain inference from most of the cases relied upon by plaintiff is that the law of the State where the deed is executed does not control the construction of covenants which run with the land, but that such covenants depend upon the law of the State where the land lies. In re Succession of Cassiday, 5 So. Rep. 292, Supreme Court of Louisiana, January 9, 1888.

We are of opinion that covenants running with the land ought to be governed and construed by the same laws as the granting part of the deed. In 4 Kent's Com. 472,

note a, it is said of such covenants: "They can not be separated from the land, and transferred without it, but they go with the land, as being annexed to the estate, and bind the parties in respect to the privity of estate." In 8 Am. & Eng. Ency. of Law, 2d Ed. 147, it is said: "It is not sufficient that the covenant is concerning land, but to make it run with the land there must be a privity of estate between the covenanting parties, and the covenant must have relation to an interest created or conveyed, in order that the covenant may pass to the grantee of the covenantee." At page 54 of the same volume it is said: "In respect to covenants for title, to pay rent and the like, it is also necessary to their validity that the deed in which they are contained should be valid as a conveyance, for if the deed be void, all covenants of this sort which derive their life from the conveyance to which they are annexed, are void also."

It would contravene these rules to hold that covenants running with the land are valid because of the laws of the state where the instrument was executed, if the instrument does not convey the land for want of words of grant required by the laws of the state where the land is located. We are of opinion that the meaning and validity of the words of grant, and of the words supposed to create covenants running with the land, must stand or fall together and therefore must be governed by the same law. If a deed of land in Illinois be executed in Maine or Germany it would be unreasonable to say that while its sufficiency to transfer title must depend alone upon the laws of Illinois, yet we must resort to the laws of Maine or Germany to ascertain the existence and construction of covenants which are inseparable from the land, are annexed to the estate granted, can pass only with the grant of the land, and depend for their validity upon privity of estate between covenantor and covenantee. We therefore conclude that in a deed of conveyance of real estate, covenants running with the land are to be controlled and construed solely by the law of the state where the land is situated.

The text books announce the general rule that covenants against incumbrances are broken as soon as made, if at all, and are therefore personal and do not run with the land; and such is the law in most of the states, and no doubt such is the law in Illinois where the incumbrance is of the nature of an easement or right of way in or over the land covenanted to be free from all incumbrances. But the Supreme Court of this State refused to adopt that doctrine so far as relates to incumbrances consisting of a money charge upon the land, such as a mortgage securing a debt, but as to such incumbrances held that such a covenant runs with the land. (Richard v. Bent, 59 Ill. 38.) It is there admitted that there is a technical breach of such a covenant when made, giving the covenantee a cause of action to recover nominal damages only, but it is held that he who removes the incumbrance, whether the immediate or remote grantee, has the substantial cause of action. If such covenant were, as to the original grantee, merely a personal covenant, then, being broken as soon as made, the statute of limitations would at once begin to run against the covenantee, and if he removed the incumbrance after the lapse of the time fixed by the statute of limitations, even though his delay was because the incumbrance had not matured earlier, he would be barred of relief upon the covenant. But it was held in Post v. Campau, 42 Mich. 90, in an instructive opinion by Cooley, J., in which Richard v. Bent, *supra*, is cited with approval, that the covenant against a money charge attaches itself to the title conveyed, and runs with the land, and therefore, even while it rests in the original covenantee, a right of action accrues when a substantial damage is suffered, as by the payment of the incumbrance, and that till that time the statute of limitations does not begin to run.

As the plaintiff's cause of action for the interest earned before the date of the deed to her, can only rest upon a covenant against incumbrances, and as such a covenant, as to money charges on the land, is in Illinois a covenant running with the land, it follows from the application of the

principles above stated that the question whether there is
such a covenant in this deed depends upon the laws of
Iowa, where the land is situated. (Fisher v. Parry, *supra.*)
Plaintiff did not prove the law of Iowa upon the subject.
The courts of this State do not take judicial notice of the
laws of another State, and its statutes must be averred and
proven where relied upon to sustain a cause of action or
defense in this State. On a common law question, the
courts of this State will assume the common law is in force
in a sister State, unless proof to the contrary is made.
(Schlee v. Guckenheimer, 179 Ill. 593.) We must therefore
assume the common law upon this subject is in force in
Iowa. By the common law the deed in question does not
contain a covenant against incumbrances. In this condi-
tion of the proof, the trial court did not err in so instruct-
ing the jury.

The trial court by its rulings upon instructions held that,
by the language above quoted from the deed, plaintiff
assumed not only the face of the mortgage but also the
interest earned and unpaid when the deed was executed.
Plaintiff offered in evidence the prior contract under which
this deed was made, and the court sustained an objection
thereto. Plaintiff claims it appeared by said contract that
the total incumbrance she assumed was $4,600 and no more.
We deem it unnecessary to consider the correctness of these
rulings, for the reason that the point already decided is
conclusive against plaintiff's right to recover said interest
under the proof.

The plaintiff sought to establish an oral agreement by
Taliaferro to pay the interest on the mortgage debts from
the date of the deed to the first of March following, as the
consideration for her allowing him to occupy the land till
that time. On this question the preponderance of the proof
was in favor of defendant's contention that he made no
such promise, but that by the oral agreement, he was to
retain the farm till March 1st and pay the taxes thereon, and
Mrs. Dalton and her husband were to retain possession till
March 1st of their house and lot in Illinois, conveyed by them

to Taliaferro in part payment for these Iowa lands, and pay the taxes thereon.   If the oral contract was made before the deed was made, then it was merged in the deed, and Mrs. Dalton's cause of action, if any, for the retention of the lands by Taliaferro after the execution of the deed, would be under the deed, and neither her declaration nor her proof were fitted to such a case.

For these reasons the judgment is affirmed.